Harrison Wheeland, Appellant, *v.* Clarence Atwood, with notice to the Mutual Life Insurance Company of New York, and Daniel A. Fessler, as Garnishees.

*Attachment execution—Insurable interest—Assignment by husband of policy on life of wife—Policy of the law.*

A creditor of the husband has no insurable interest in the life of his debtor's wife, and an assignment by the husband as assignee of his wife to his creditor, of a policy on his wife's life, in consideration of the discharge of debt due by the husband to the creditor, and the assumption by the latter of the payment of the subsequent premiums, subjects the proceeds of the policy to attachment by creditors of the husband, less his debt, with interest, and the premiums paid with interest, because the taking of the policy by the creditor, without an insurable interest, was a transaction which the policy of the law does not sanction.

Argued Feb. 18, 1898. Appeal, No. 32, Feb. T., 1898, by plaintiff, from judgment of C. P. Lycoming Co., March T., 1897, No. 470, for defendant n. o. v. Before RICE, P. J., WICKHAM, BEAVER, ORLADY, SMITH and PORTER, JJ. Reversed.

Attachment execution. Before MAYER, P. J., of the 25th judicial district specially presiding.

It appears from the evidence that the Mutual Life Insurance Company of New York insured the life of Charity D. Atwood, in the sum of $5,000 by a policy payable to her executors, administrators or assigns. On May 19, 1894, Mrs. Atwood assigned this policy to her husband, Clarence Atwood. On August 1, 1896, Clarence Atwood, the husband, assigned the policy out and out to Daniel A. Fessler, who was his creditor to the extent of $1,900. Fessler was not the creditor of Mrs. Atwood, nor was it claimed that he ever had any insurable interest in her life. Fessler paid two premiums to the insurance company. Mrs. Atwood died on January 29, 1897, and on February 8, 1897, the company paid Fessler the net amount of the policy, $4,946. On January 22, 1896, Wheeland, and others, obtained judgment against Clarence Atwood aggregating about $600. These creditors issued attachment executions on their several judgments against the insurance company and Fessler as garnishee. The three cases were tried together.

The court directed a verdict for the plaintiff, reserving the question whether upon the whole evidence they were entitled to recover and subsequently entered judgments for the defendants non obstante veredicto. By stipulation filed, signed by all the parties, it was agreed that an appeal taken in one of the cases should have the same effect as if taken in all.

There appeared from the statement of the account that, after allowing for the repayment of Fessler's debt against Clarence Atwood, interest thereon, premiums paid and interest on the premiums, there was a balance in Fessler's hands amounting to $2,762.65. Plaintiff appealed.

*Error assigned* among others was refusing to enter judgment for the plaintiff on the verdict.

*C. LaRue Munson* and *Otto G. Kaupp*, with them *Addison*

*Candor,* for appellant.—Fessler was without insurable interest in the life of Mrs. Atwood, and could not lawfully hold a policy thereon, whether by assignment, or otherwise: Carpenter v. Ins. Co., 161 Pa. 9; Hendricks v. Reeves, 2 Pa. Superior Ct. 545.

Fessler may retain out of the proceeds of the policy all that he paid therefor, being his debt against the husband and premiums, with interest, but no more. The excess belongs to Clarence Atwood: Downey v. Hoffer, 110 Pa. 109; Hendricks v. Reeves, 2 Pa. Superior Ct. 545. See also Wegman v. Smith, 16 W. N. C. 186.

One of the leading cases often referred to by our court is Warnock v. Davis, 104 U. S. 775.

*Henry C. Parsons* and *John J. Reardon,* for appellee.

OPINION BY PORTER, J., March 21, 1898:

No authority is needed for the proposition that an attaching creditor stands in the same relation to the fund attached as does the judgment debtor. Therefore, the appellant here cannot succeed in his contention unless he is able to show that Atwood is entitled to the fund in the hands of Fessler. It is admitted by Fessler that the fund is the proceeds of a life insurance policy on the life of Mrs. Atwood; that he received it before the writ of attachment was served; that he holds it by virtue of an absolute assignment of the policy made to him by Atwood in the lifetime of Mrs. Atwood in discharge of a debt of $1,900 due him by Atwood, and his assumption of the payment of the subsequent premiums. Fessler had no insurable interest in the life of Mrs. Atwood. He was neither her relative nor creditor. The fact that he was a creditor of the husband gives him no insurable interest in the life of the wife.

The question for determination is: Does the assignment by Atwood estop him (and, therefore, his attaching creditor) from claiming a part of this fund, or does the policy of the law, forbidding the holding or taking of a policy of life insurance without insurable interest, override the effect of the paper-writing?

A husband has an insurable interest in the life of his wife, and the assignment of the policy by Mrs. Atwood (in whose

favor it was issued) was, therefore, undoubtedly valid and passed the title to the insurance to her husband.

It is not alleged that the assignment by Atwood to Fessler was made from any improper motive or for any wrong purpose. No fraud was attempted in the transaction, and there is no doubt that, as assignee of the policy, Fessler is entitled to take from the proceeds the original debt of Atwood, together with the total payments made to keep the policy alive, with interest on both amounts. This is true where the assignment of a policy is made by the insured to one having no insurable interest (Hendricks v. Reeves, 2 Pa. Superior Ct. 546; Downey v. Hoffer, 110 Pa. 109), and there is no good reason why the same rule should not apply as between an assignee without insurable interest, and a prior lawful owner of the policy from whom the assignment is taken.

It is said in Downey v. Hoffer, supra: "It is not sufficient that the sale and purchase of the policies may have been in good faith and with correct motives. The mischief resulting from a sale of the policy for the purpose of speculating on human life is so contrary to the policy of the law and so in conflict with the just principles of life insurance, that it is unsafe to relax the rule that the holder of the policy must have some pecuniary interest in the life insured. Permitting the assignee to retain the sum he has paid to the person insured, and to the company, with interest thereon, so far protected the assignee and enforced the rule based on public policy, as to give no just reason to complain."

In Gilbert v. Moose, 104 Pa. 74, it was held that where the original beneficiary named in the policy having no insurable interest assigned to another, also without interest, the legal representatives of the insured were entitled to recover from the last holder the proceeds of the policies less assessments. See also Ruth v. Katterman, 112 Pa. 251; Riner v. Riner, 166 Pa. 617; Warnock v. Davis, 104 U. S. 775. The principles thus stated would seem to determine the rights of the parties in this litigation, but a decision involving practically the identical question now before the court is found in Wegman v. Smith, 16 W. N. C. 186. There the husband was the beneficiary named in a policy on the life of the wife. He assigned to a purchaser, without insurable interest, who subsequently received

the proceeds of the policy. It was held that the husband was entitled to recover such proceeds from the assignee, less assessments. The Supreme Court say: " The defendant in error was the husband of the person insured. He had such an interest in his wife as to make the insurance valid. The plaintiff in error occupies a different relation. He had no such interest in the person insured. He was in law a purchaser of the policy for speculative purposes. That fact may have been of no importance to the insurance company, but it is not a party to this issue. This contention is between other parties. The learned judge correctly held that the assignee was entitled only to the sum paid by him for assessments and annual dues."

There are but two possible grounds of distinction between the case cited and the one under consideration. There the husband was the original beneficiary. Here he is the assignee of his wife, whose estate was the beneficiary. There is no substantial difference. His insurable interest sustains his title in both cases. The other ground is that there the assignment by the husband was for an insignificant consideration, while here it is more substantial. This distinction is without merit. The test in such a case as the present is not the quantum of consideration, but the relation subsisting between the parties. If insurable interest exists, the consideration is of subordinate importance. If it does not exist, an apparently adequate consideration will not relieve the transaction of its character of a wager, which the policy of the law condemns.

It thus appears to be clear that Atwood, notwithstanding his assignment in good faith to Fessler, is entitled to recover from him the balance of the proceeds of the policy collected, less his debt with interest and the premiums paid by Fessler with interest, and this because the taking of the policy by Fessler without an insurable interest was a transaction which the policy of the law does not sanction. It necessarily follows that the attaching creditors of Atwood are entitled to judgment against Fessler in the amount of the verdict rendered, namely, $249.75.

The assignments of error are sustained, the judgment of the court below is reversed, and judgment is now entered for the plaintiff in the sum of $249.75.