The opinion of the court, (Tilghman, C. J. being absent,) was delivered by, .
Duncan, J.
This case has been submitted to the court without public argument. The counsel have' furnished the court with the heads of the argument, and references to authorities in a very neat *224 and compressed method, and which contain every thing material, and is indeed multum in parvo.
If the action is misconceived, the verdict cannot cure the defect. It is the duty of courts to preserve the boundaries of actions. The utmost confusion would obtain, if this was lost sight of, and the law would cease to be a science, and the professors of it very useless, and no man know what he was called into court to answer: and if the same forms of action would do for every thing, the most discordant causes might be united in the same action. , The defendant in error, plaintiff below, contends, that the conspiracy in the gist of the action, and that this is an action on the case in the nature of conspiracy, not an action of slander. The plaintiff in ej;ror, that it is simply an action of slander, the conspiracy being mrily matter of aggravation, which could be proved in an action against one without- being laid, and that a joint action against two, will nob lie for defamatory words.
If this can be considered as an action for a malicious prosecution^ a'charge of an indictable offence, injurious to the reputation of the defendant in error, it may be supported, for the modern action for malicious prosecution, bears a strong analogy to the obsolete action for a conspiracy, and it is frequently called an action on the case in the nature of a conspiracy. Cro. El. 701. Mills v. Mills, Cro. Car. 230. The action for conspiracy only lay when the conspiracy was to accuse one of treason or felony, and only where two or more persons maliciously conspired falsely to indict another of treason or felony; But case in nature of conspiracy may be brought against one alone, and where the accusation is of other indictable crimes, and where against two or more, although conspiracy be alleged in the declaration, and a verdict found for all defendants but one, the plaintiff will be entitled to judgment. But in an action for conspiracy, as the conspiracy js the gist of the action, if all but one be acquitted, no judgment can be rendered. Skinner v. Gunter, 1 Saund. 230. Saville v. Roberts, 12 Mod. 209. Consph racy is nothing; it is not the ground of action; for if there be ever so great a conspiracy to indict a man, yet if nothing is done in pur-, suance of that conspiracy, the party can have no action; but such conspiracy, though nothing be done, is a crime, and punishable by indictment. Ib. The Poulterers Case, 9 Co. 59, and Jones, 93. 2 Roil. Rep. 15.
The action for malicious prosecution, or case in the nature of conspiracy, varies its form, as the circumstance of each particular grievance may require; whatever engine of the law malice may employ to compass its design against innocent and unoffending men, whether the shape of indictment or information, which accuse a man of a crime injurious to his fame and reputation, or whether such malice is induced by arrests, and exhibiting groundless accusations with a view to occasion expense to the party: this action affords an adequate remedy to the party injured. 3 Selwyn, 1053. *225 Looking at the whole frame of this declaration, it appears most evidently to be an action of slander, an action on the case jointly brought against two persons for uttering the same identical words, and that the interlined words, “by a conspiracy between them there first had, contriving,” is thrown in as matter of aggravation. Strike out these words, and leave the declaration as it first stood, it would be a declaration in slander. If it ever charged the defendants with any conspiracy, to charge or indict the defendants below for fornication, still the declaration does not state any act done in pursu* anee of such charge, any application to a magistrate; any arrest, any indictment, any prosecution or step or movement made by the defendant in any judicial way, but that they in pursuance of such conspiracy, in a certain discourse in the presence of one Matthew Logan, and divers others, said, he was a damned whoremaster. In Shock v. M‘Chesney, 4 Yeates, 507, the distinction is taken between a mere speech which is slander, and the institution of a prosecution which is an action for malicious prosecution.
These actions depend on very different principles. In actions for words, the defendant cannot justify on the ground of probable cause, as he may where he had instituted a prosecution. Malice and the want of probable cause, must concur iri the last case: in the first, falsehood alone. Besides, by converting slander into conspiracy, the defendant is deprived of pleading the statute of limitations. In the one case, slander, the limitation is one year; in the other, conspiracy, or action for malicious prosecution, six years.
The only act the defendants are charged with in this declaration is, the malicious speaking and publishing certain words of the plain*tiff. No charge before a magistrate, no prosecution, no step taken towards it. Where two speak the same wprds, you cannot have a joint action: but where two prosecute for a crime, you may. Bull. N. P. 5.
The allegation of an act done, (for conspiracy alone does not give the action) is simply publishing the defamatory words.' Very different from Griffith v. Ogle and Kimmel, 1 Binney, 174, chiefly relied on by the defendant in error, for that was for conspiring falsely to charge the plaintiff, a justice of the peace, with taking illegal fees, and to cause him to be removed from office, and in pursuance of the malicious conspiracy, did falsely and maliciously charge him with taking illegal fees, and the Chief Justice in that ease says, if probable cause had been shown, the defendants ought notto have been found guilty, and that the record showed that the defendants had full advantage of that point before the jury, and expressly states thenecessity of some act being done in pursuance of the conspiracy. In Kirtly v. Deck and others, 2 Munf. 10, the subject is very fully considerd, and it is there held, that in action for the conspiracy, as well as for malicious prosecution, an averment in the declaration that the prosecution was false and malicious, is not sufficient, but it must have been averred to be without probable cause. In Griffith v. Ogles *226 the court seem to be of opinion, that the want of probable cause was substantially alleged by the statement, that they falsely and maliciously conspired. The reasons of Judge Rowan in Kirtly v. Deck and others, and the authorities referred to by him, Saund. 130,Bull. N. P. 14, and 1 Bac. M. 94, are altogether conclusive, that it is the damage sustained by the plaintiff, by bringing the action, and not the conspiracy which is the ground of the action, and that the insertion of the words, 11 per conspirationem inter eos habitam,” does not convert the action into a formal action of conspiracy, that it, nevertheless, remains an action on the case, that these words are mere surplusage, intended as matter of aggravation, and are therefore, not necessary to support the action. This is further shown by its being held, that in this action all the other defendants except one, may be acquitted, and he be found guilty, notwithstanding the words per conspirationem. Here these words are matter of aggravation, which need not be proved, and not the gist of the action.
The only act alleged against the defendants is the publication of the slanderous words by them at the same instant of time. This joint action cannot, therefore, be maintained against these defendants, because the words of one are not the words of another, and this action in all its members, in every feature, is an action of slander, the publication of the calumnious words the only act done. For the naked conspiracy is nothing which damnified the plaintiff, or gave him cause of action: “with the words of conspiracy between them had,” is thrown in by way of aggravation, not necessary to be proved, but which could be proved as aggravation without being laid, and were mere surplusage. The causes of action were the speaking the words, and not the charge of any crime, where any engine of the law was put in motion to harass the plaintiff, or compass the malicious design of the defendants. These were several causes of action, and nothing can be clearer, than that if several causes of action be given against two, you cannot have a joint action against them. 1 Dyer, 19. a. 7 H. 4, 9. a.
Judgment reversed.