[SUNBURY, JUNE 25, 1829.]

## GIBSON *against* TODD, Administrator of BEALE.

### IN ERROR.

An action on a judgment obtained by husband and wife, for a debt due to the husband in his own right, should, after the death of the husband, be brought in the name of the wife, as surviving plaintiff, and not in the name of the administrator of the husband. But the court will protect the rights of creditors, and others who are shown to be equitably interested in the judgment.

An agreement by the defendant, with the husband in his lifetime, to give him credit in a larger debt, which he had against him, is, if executed, an extinguishment of the judgment; and if not executed, it is not a reduction of the judgment into possession, by the husband.

If the plaintiff omit in his declaration, to aver a fact essential to his recovery, and the defendant demur to the declaration; the plaintiff cannot introduce into his joinder in demurrer, an averment of such fact. The proper course, is to ask leave to amend the declaration; which, if the court grant, they will at the same time permit the defendant to withdraw or insist on his demurrer.

ON the return of the record of this case from the Court of Common Pleas of *Mifflin* county, it appeared that *Thomas Todd*, administrator of *Thomas Beale*, brought an action of debt on a judgment obtained by *Thomas Beale* and *Elizabeth* his wife, against *David Gibson*, the plaintiff in error, in which the following declaration was filed:—

" And whereupon the said *Thomas Todd*, administrator of *Thomas Beale*, as aforesaid, comes and complains of the said *David Gibson* for this, that heretofore, to wit, on the 8th day of *February*, in the year 1819, at the county of *Mifflin*, in the Court of Common Pleas of the said county, then and there holden, the said *Thomas Beale*, and *Elizabeth* his wife, for a debt due to the said *Thomas Beale* in his own right, by the consideration and judgment of said court, recovered against the said *David Gibson*, the sum of one hundred and seventeen dollars and thirty-two and a half cents, of debt, together with thirteen dollars and fifty-nine cents of cost, in the whole one hundred and thirty dollars ninety-one and a half cents, besides the accruing costs above demanded, which in and by the said court, were then and there adjudged to the said *Thomas Beale*, and *Elizabeth* his wife, for his damages which he had sustained, as well by reason of the nonperformance, by the said *David Gibson*, of certain promises, and undertakings, then lately made by the said *David*, to the said *Thomas*, as for his costs and charges by him in that behalf about his cause expended, whereof the said *David* was convict, as by the record and proceedings thereof remaining in the court at *Lewistown*, No 43, *November* Term, 1818, more fully appears, which said judgment still remains in full force and effect, not reversed, satisfied, or other-

(Gibson *v.* Todd, Administrator of Beale.)

wise vacated, and the said *Thomas Beale* in his lifetime, or the said *Elizabeth,* or the said administrator since his death, hath not obtained any execution of or upon the said judgment, so rendered, as aforesaid. Whereby an action has accrued to the said *Thomas Todd,* administrator, as aforesaid, to demand, and have of and from the said *David Gibson,* the said sum of one hundred and thirty dollars ninety-one and a half cents, with interest and accruing costs; yet the said *David Gibson,* although often requested, hath not yet paid to the said *Thomas Beale,* or *Elizabeth* his wife, in the lifetime of the said *Thomas,* or to said *Elizabeth,* or to said administrator since his death, the said sum of one hundred and thirty dollars and ninety-one and a half cents, or any part thereof, but heretofore hath refused, and still doth refuse, to render the same; whereby the said *Thomas Todd,* administrator, as aforesaid, saith he hath damage ten dollars.

An additional count was afterwards filed as follows:—

And the said *Thomas Todd,* administrator, as aforesaid, avers that the said *David Gibson,* so being indebted as aforesaid, to the said *Thomas Beale,* and *Elizabeth* his wife, for the amount of the judgment and costs, as aforesaid, to wit, one hundred and thirty dollars and ninety-one and a half cents, and by virtue of said judgment, on the 8th day of *February,* 1819, at the county of *Mifflin,* it was then and there agreed, by and between the said *David Gibson,* and the said *Thomas Beale,* that whereas the said *Thomas Beale,* was indebted to the said *David Gibson,* as one of the administrators of *Thomas Gibson,* in a sum greater than the amount of the debt and costs so due, as aforesaid, by the said *David* to the said *Thomas,* and *Elizabeth* his wife, that the said *David,* should and would allow a credit to the said *Thomas,* for the aforesaid sum of one hundred and thirty dollars and ninety-one and a half cents, for and toward the sum, due by the said *Thomas,* to the said *David,* and one *William Gibson,* as administrators of *Thomas Gibson,* for the price of a tract of land, sold to said *Thomas Beale,* by the said *David* and *William;* whereby, and by reason of which premises, the said *Thomas Beale,* had in his lifetime reduced the said judgment, for one hundred and thirty dollars and ninety-one and a half cents, into possession; yet, nevertheless the said *Thomas Todd,* administrator, as aforesaid, avers that after the death of the said *Thomas Beale,* the said *David Gibson,* fraudulently intending to deceive, and injure the said *Thomas Todd,* as administrator of the said *Thomas Beale,* neglected and refused to give credit to the said *Thomas Todd,* as administrator of said *Thomas Beale,* for the said sum of one hundred and thirty dollars and ninety-one and a half cents, as aforesaid, on account of a certain debt due by said *Thomas Beale,* in his lifetime, to the said *David Gibson,* and one *William Gibson,* administrators of *Thomas Gibson,* in part of the price of a tract of land bought by the said *Thomas Beale,* in his lifetime, of the aforesaid *David* and *William Gibson,* as ad-

(Gibson *v.* Todd, Administrator of Beale.)

ministrators of *Thomas Gibson*, as aforesaid, whereby and by rea-
son of which premises, the said judgment, No 43, of *November*
Term, 1818, remains wholly due and unpaid, to wit, the sum of
one hundred and thirty dollars and ninety-one and a half cents,
with interest from the 8th of *February*, 1819, and which said
judgment still remains in full force, not reversed, satisfied, or other-
wise vacated; and the said *Thomas*, administrator, as aforesaid,
avers that the said *Thomas Beale*, in his lifetime, or said adminis-
trator since the death of said *Thomas*, hath not obtained execution
of the said judgment against the said *David*. Whereby an action
hath accrued to the said *Thomas Todd*, administrator, as aforesaid,
to have and demand of and from the said *David Gibson*, the said
sum of one hundred and thirty dollars and ninety-one and a half
cents, with interest and accruing costs; yet, nevertheless the said
*David Gibson*, although often requested, hath not yet paid the
same to the said *Thomas*, in his lifetime, nor to the said *Thomas*,
administrator, since the death of the intestate, nor in any way sa-
tisfied the same, but hitherto hath refused, and still doth refuse to
pay the same, to the damage of the said *Thomas*, administrator,
as aforesaid, ten dollars, and for this he brings suit, &c.

 The defendant demurred to the declaration, and assigned for causes
of demurrer, "That in the first count it manifestly appears, that the
suit upon which the judgment No. 43, in said declaration mentioned
was obtained, was brought in the name of *Thomas Beale*, in his life-
time, and *Elizabeth* his wife, and the said *Elizabeth* is still in full
life, and has survived her said husband *Thomas Beale;* and that by
the law of the land, the interest and property of said judgment, and
all monies due thereon, became and are vested in the said *Elizabeth*.
And also, that the allegations and averments in the second count of
said declaration, do not prove that the said *Thomas Beale*, in his
lifetime had reduced the said judgment, No. 43, to his possession,
but, on the contrary, the said allegations and averments, in the se-
cond count of said declaration mentioned, show, if they show any
thing, that the said judgment was satisfied."

 "And also for that the said two counts are inconsistent, and set
forth no legal causes whereby the said *Thomas Todd*, administra-
tor of *Thomas Beale*, deceased, is entitled to recover in his suit.
And that the said declaration is in other respects uncertain, informal
and insufficient, &c."

 The plaintiff filed a joinder in demurrer in these words:—

 "And the said *Thomas Todd*, administrator of *Thomas Beale*,
comes into court, and avers that his intestate, the said *Thomas
Beale*, died insolvent, not having sufficient assets real or personal,
to pay and satisfy his just debts, and the said plaintiff further says,
that the matters and allegations as above set forth by him in his
said declaration, are good and sufficient in law to enable him to have
and maintain his aforesaid action thereof against the said *David
Gibson*. And of this he prays the judgment of the court, &c."

(Gibson *v.* Todd, Administrator of Beale.)

. In the Common Pleas judgment was given for the plaintiff, and the defendant took out a writ of error, which was argued by *Hale*, for the plaintiff in error, who cited, *Arch. Pl.* 274. *Co Litt.* 304. 1 *Fonb.* 313.  2 *Com. D.* 234. 1 *Vern.* 396.  *Cro. Eliz.* 6.  2 *P. Wms.* 497. 1 *Atk.* 726.     :

*Fisher, contra,* referred to 2 *Vern.* 683.

The opinion of the court was delivered by

Rogers, J.—Equity is part of the law of *Pennsylvania*; but, from what has been considered by some a defect in our jurisprudence, it is always administered through the medium of common law forms.   The record presents the case of a joint judgment, on which the proper remedy, is in the name of the survivor, the legal owner, whether the remedy be by execution, or action of debt, or a *Scire Facias.*   It has ever been held a decisive objection, that suit has been brought in the name of the equitable, and not the legal owner; for it has always been considered essential, to preserve the forms and boundaries of actions, which are not to be departed from, or varied without the most absolute necessity.  *Glass and another* v. *Stewart,* 10 *Serg. & Rawle,* 224.   By adopting the legal form, no injustice will be the result, and but little inconvenience, as the court will take care to protect the interest of the equitable owner.   The object of the plaintiff would seem to be, to raise the question, whether the wife was a trustee for the creditors, or takes the avails of the judgment in her own right, and this could have been as well attained by a suit in the name of the wife, for the use of the administrators, who represent the creditors.   In relation to the merits, we take the rule to be this; when a husband takes a joint obligation to himself and wife, for a debt due to himself alone, it is a gift to the wife, who takes as a joint purchaser, and by survivorship, and in her own right, unless the proceeds should be wanted on a deficiency of assets, for the payment of creditors or perhaps legatees.  *Christ's Hospital* v. *Budgin and Wife,* 2 *Vernon,* 683.   The remedy is in chancery, which grants relief, because otherwise, the husband, by joining his wife in the security, might defraud his creditors.   But when the wife is the meritorious cause of action, as in the case of a bond to her *dum sola* or a legacy, and the husband joins her in the security or suit, she takes by survivorship, and for her own use, although there may not be assets without this money, for the payment of debts or legacies. And the reason of the distinction is, that in the latter, although not in the former case, she has not only the legal title, but a superior equity, and the invariable principle of a Court of Chancery, is not to relieve against a legal title where the respondent has an equal, or superior equity.   The Chancellor simply refuses to interfere, and leaves the parties to their legal rights.   This always supposes that the husband has not reduced the *chose in action* into possession.

Waiving the want of proper parties, we will next consider this

(Gibson *v.* Todd, Administrator of Beale.).

case on the demurrer. We will in the first place premise, that the demurrer admits only what has been properly pleaded. The plaintiff omits to aver in his declaration the insolvency of *Beale,* and this we have seen is the only ground of relief, for equity interposes only in favour of creditors or perhaps legatees, 2 *Vern.* 683; and *non constat,* that the assets may not be abundantly sufficient to answer all legal demands of creditors and legatees. The pleader seems to have been aware of this, for we find him endeavouring to remedy the defect in his declaration, by an averment in the joinder to the defendant's demurrer. This, to say the least of it, is a novel procedure, and was intended to make the defendant admit by the demurrer, what he never had an opportunity of traversing. The plaintiff, instead of concluding with a verification, which he is bound to do when he avers a new fact, closes the pleading by praying judgment of the court, &c. Having discovered the slip in the pleading, the course of the plaintiff was perfectly plain, by motion to the court for leave to amend his declaration; which, if they had thought proper to grant, they would at the same time have permitted the defendant to withdraw or insist on his demurrer.

The plaintiff further avers an agreement between the defendant and *Thomas Beale,* in his lifetime, that, as *Thomas Beale* was indebted to *David Gibson,* the defendant, one of the administrators of *Thomas Gibson,* in a sum greater than the amount of the debt and costs in the suit, *David* would allow a credit to *Thomas Beale,* for the sum of one hundred and thirty dollars and ninety-one and a half cents, in part payment of said debt. This allegation is made for the purpose of showing that *Thomas Beale,* in his lifetime, reduced the judgment into possession. What purposes the plaintiff's counsel expected to answer by this averment it is difficult to conceive; for as the demurrer admits that such an agreement was made, if it had been executed, it would have been an insurmountable obstacle to the plaintiff's recovery; for it would have shown that the judgment, which is the foundation of the suit, was extinguished or satisfied. The plaintiff avers the contract, but not the execution of the contract, and this in truth he could not do, as there is no doubt the contract was rescinded by the defendant in refusing to give the credit, and by the plaintiff in prosecuting this suit, which is in disaffirmance of the contract.

Judgment reversed.