# Wyoming County *versus* Bardwell.

1. Where orders were made upon the county treasurer by the military board under the provisions of the Militia Act of 7th of April 1870, and its supplements, the county is not liable therefor, and the remedy of the holder is against the county treasurer to compel payment.

2. A demurrer to a declaration arises on its face and is never founded on matter collateral to the pleading which it opposes, and therefore it was irregular to assign the repeal of a law as cause of demurrer; if it furnished any ground for defence it should have been brought forward by way of a plea.

3. On demurrer the court will consider the whole record and give judgment for the party who appears to be entitled thereto, and although the demurrer be bad in form and substance it does not follow that the plaintiff is entitled to judgment unless his declaration discloses a good cause of action.

March 12th 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Error to the Court of Common Pleas of *Wyoming county:* Of July Term 1876, No. 31.

This was an amicable action of trespass on the case brought by H. W. Bardwell against the county of Wyoming, the action being founded, as appeared by a statement filed by the plaintiff, on certain orders drawn by the "Military Board of Wyoming county," on the treasurer of said county. There were seventy of these orders, all of which were dated in 1871 and the aggregate of which amounted to $444. In his statement the plaintiff averred " that he had made

[Wyoming County *v.* Bardwell.]

demand on the county commissioners and county treasurer for the payment of each of said orders and that the same had been refused."

To this statement the defendant demurred, assigning as cause therefor, "that the treasurer of Wyoming county had not nor is he bound to have any funds out of which to pay said orders, the Act providing the ways and means for payment having been repealed; therefore the said defendant is not bound by law to provide for the payment of the said orders nor any part of them."

The act under which the orders were drawn is the Act of 7th April 1870, Pamph. L. 62 (the essential portions of which, as applicable to this case, being found in the opinion of this court), and the alleged repealing clause, the 9th section of the Act of 15th April 1873, Pamph. L. 74.

Plaintiff joined in the demurrer, and the court, Ingham, P. J., entered judgment for the plaintiff, and in an opinion said: "The Act of April 15th 1873 provides that 'any acts or parts of acts which impose a *per capita* tax upon persons liable to military duty be and the same are hereby repealed.' This act does not purport to operate retrospectively, and therefore reaches not back to pre-existing claims. The orders declared upon were all drawn prior to the repeal of the *per capita* tax. The law imposing this tax had been in force three years; it was the duty of the county officers to collect it. The presumption is that public officers do their duty, and it must therefore be presumed that it was collected. The demurrer does not aver that no funds were collected to discharge these obligations, nor that funds so collected had been legally applied to some purpose authorized by the act. The averment is, that 'the treasurer hath not nor is he bound to have any funds out of which to pay the said orders.' The answer that the treasurer '*hath not*' funds might be made if the commissioners had applied the funds derived from the military tax to county purposes, and does not weaken the presumption that he has had it. The answer that the treasurer is *not bound to have any funds* out of which to pay said orders, because the act providing the ways and means for the payment has been repealed, would be sufficient if the demand was for obligations incurred after the repeal of the law, but such repeal cannot release the county from obligations previously incurred."

*J. A. Sittser* and *F. C. & R. P. Ross,* for plaintiff in error.

*W. E. & C. A. Little* and *R. R. Little,* for defendant in error.

Mr. Justice STERRETT delivered the opinion of the court, March 28th 1877.

The plaintiff, in an action of trespass on the case against the county of Wyoming, filed a *statement,* in lieu of a declaration, setting forth that his cause of action was founded on orders drawn by

[Wyoming County *v.* Bardwell.]

the military board on the county treasurer; that payment thereof had been demanded of the commissioners and treasurer, and was refused. To this statement the defendant demurred, and assigned specially, as cause of demurrer, "that the treasurer of the county hath not, nor is he bound to have, any funds out of which to pay said orders, the act providing the ways and means for the payment having been repealed." The plaintiff joined therein, and judgment was rendered in his favor.

The demurrer refers to the 9th section of the Act of April 15th 1873, Pamph. L. 74, which repeals "any act or parts of acts which impose a *per capita* tax upon persons liable to military duty."

It was wholly irregular to assign the repeal of the tax as cause of demurrer. If it furnished any ground of defence it should have been brought forward by way of plea. A demurrer to a declaration or statement arises on its face and is never founded on matter collateral to the pleading which it opposes. But, aside from this, the orders in suit were all drawn before the date of the repealing act, and, inasmuch as it was not retrospective in its operation, the liability of the county, if any existed, could not be affected thereby. It does not follow, however, because the demurrer was bad, both in form and substance, that the plaintiff was entitled to judgment. The recognised rule of pleading is, that on demurrer the court will consider the whole record, and give judgment for the party who appears to be entitled thereto; or, as it is expressed in Clearweather *v.* Meredith, 1 Wall. 38, a demurrer, whenever interposed, reaches back and seizes hold of the first defective pleading. The plaintiff, therefore, was not entitled to judgment, unless the statement disclosed a good cause of action. As we have seen, it simply alleges that he was the holder of orders drawn by the board on the county treasurer, payment of which had been demanded and refused. It contains no averment that funds, arising from the *per capita* tax, were in the hands of the treasurer, subject to the orders of the board, or of any other fact from which liability of either the county or the treasurer would arise.

But it may be said that the plaintiff's statement might have been so amended as to present a good cause of action. This depends on whether the Militia Act and its supplements enjoin any duty from which can spring a liability of the county in its corporate capacity. It declares who shall be liable to military duty, and provides for their enrolment; and the supplement requires all who are thus enrolled and fail to become members of some military organization, to pay annually fifty cents each to the collector of taxes, whose duty it is to pay the same to the county treasurer, to be by him held and disbursed as a brigade or military fund; and the board, composed of the commanding and other officers of the brigade, are authorized to audit and adjust all claims upon the fund and "make their orders upon the treasurer for the payment thereof."

[Wyoming County *v.* Bardwell.]

It will be observed, from these leading features of the act, that the county treasurer is made the custodian of the fund, which he is required to keep separate and distinct, and disburse only on orders drawn by the board. The existence of the special fund in the hands of the treasurer is the foundation of the right to draw on him, as well as of his duty to honor the orders. If he fails to perform his duty in this respect, there can be no doubt as to his liability, and the remedy against him is ample. The commissioners of the county have no authority to draw upon, or in any manner control, the military fund.

There appears to be nothing in the provisions of the act and its supplements, taken in connection with the facts, as disclosed by the record before us, to fasten liability on the county.

*Judgment reversed.*