Robert Palethorp, Surviving Executor of the Estate of John H. Palethorp, Deceased, *v.* John Schmidt, Appellant.

*Pleading—Demurrer—Apparent right, when not set up in pleading, not regarded.*

The court will not on demurrer look back into the record to adjudge in favor of an apparent right in the plaintiff unless the plaintiff has himself put his action upon that ground.

*Landlord and tenant—Summary possession—Appeal from justice—Act of 1830—Burden of proof—Cause of action.*

When a case comes to the common pleas on appeal from the judgment of the justice under the Act of April 3, 1830, P. L. 187, the burden of proof rests upon the plaintiff and he must be prepared to prove all the facts essential to the remedy invoked, namely, the demise; reservation of rent; failure to pay same; insufficiency of goods on premises, not exempt from levy; service of proper notice to quit and tenant's failure to pay rent or to remove before inception of the proceedings. Proof of tenancy, rent reserved, amount in arrears, tenant's failure to pay same after demand, without more, is not sufficient to entitle the landlord to recover in this proceeding.

*Pleading—Appeal from justice—Demurrer to statement—Omission of essential facts not cured by transcript.*

Where, on an appeal from a justice, plaintiff elects to file a statement and call for an affidavit of defense rather than to proceed with the transcript, a demurrer to the statement admits only the facts therein set forth; it cannot be held to have admitted essential facts omitted from the statement even though the transcript shows that they were averred before the magistrate.

Argued Oct. 3, 1899. Appeal, No. 57, Oct. T., 1899, by defendant, from judgment of C. P. No. 3, Phila. Co., March T., 1898, No. 975, on demurrer, in favor of plaintiff. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and BEEBER, JJ. Reversed. Opinion by RICE, P. J.

Demurrer to statement. Before the court in banc.

It appears from the record that this was an action in rem under the Act of April 3, 1830, P. L. 187, sec. 1, as amended by the Act of March 22, 1861, P. L. 181, sec. 1, for the recovery of possession of real estate for nonpayment of rent. Proceedings were instituted before a magistrate and after hearing judgment was entered against defendant that the premises be delivered up to plaintiff, and the amount of rent due by defendant to plaintiff being ascertained to be $500.01. Defendant appealed entering security, conditioned for payment of all costs and rents accrued and to accrue up to final judgment. The transcript from the docket of the magistrate and affidavit under the act of March 27, 1865, were entered of record in the court of common pleas No. 3, and plaintiff filed a statement as follows:

"This action is an appeal from the judgment in favor of the plaintiff by Magistrate South of magistrate's court No. 10, to recover possession of premises 412 and 414 Library street, belonging to the estate of John H. Palethorp, deceased, of which estate plaintiff is the surviving executor, for nonpayment of rent, on the 1st day of March, 1898, $500.01, for three months' rent of said premises then due and payable. Demand was then made on the defendant for the payment of the said rent, and he has neglected and refused and still neglects and refuses to pay the same in violation of the covenants in the lease assigned to him on or about June 11, 1897. By said lease the term begins June 1, 1896, and ends on the last day of May, 1898, at the annual rent of $2,000 a year, payable on the first

instant of each month in the sum of $167.66, as will more fully appear from a copy of the lease filed in the office of the prothonotary of the court of common pleas, a copy thereof served on R. J. Byron, Esq., attorney for defendant."

Plaintiff then entered a rule on defendant to file an affidavit of defense.

Defendant demurred to the statement and the court below overruled defendant's demurrer and entered judgment for plaintiff.    Defendant appealed.

*Error assigned* was in overruling defendant's demurrer and entering judgment in favor of plaintiff.

*Robert J. Byron*, for appellant.—If the plaintiff is entitled to judgment his statement should set forth all the averments of fact, which the Act of Assembly of April 3, 1830, P. L. 187, sec. 1, as amended by the Act of March 22, 1861, P. L. 181, sec. 1, require to be proven before the lessor is entitled to judgment for possession.   In other words, unless the plaintiff's statement possesses all these requisites it is insufficient in law, and the plaintiff is not entitled to judgment.  ·

*Robert Palethorp*, for appellee.—Plaintiff's statement shows a good cause of action.   The tendency of practice is to dispense with unreasonable technicalities.   The procedure act of 1887 has this in view.

The court in Crissy v. Vogt, 9 Pa. Superior Ct. 418, followed the doctrine of Chief Justice Paxson: "The law shrinks from impaling a man upon sharp points which have no relation to the justice of the case."

The great object of the act of April 3, 1830, is to aid landlords to recover the payment of rent.

A demurrer confesses the facts as stated by the opposite party: 3 Black. Com. 314.

On demurrer the court will consider the whole record and give judgment for the party who appears to be entitled to it: Murphy v. Richards, 5 W. & S. 279 ; United States v. Spencer, 2 McLean, 405 ; Egberts v. Dibble, 3 McLean, 86.

A demurrer to evidence admits every fact and conclusion the evidence tends to prove: McKowen v. McDonald, 43 Pa. 441.

Demurrer admits the facts set forth in plaintiff's statement.

OPINION BY RICE, P. J., January 17, 1900:

The Act of April 3, 1830, P. L. 187, provides a summary mode of terminating a tenancy when the lessee refuses to pay the rent and there are not sufficient goods upon the premises to answer a distress. After the magistrate has given judgment that the premises be delivered up to the lessor the lessee may either (1) pay the costs and the rent ascertained to be due and in arrear and thus supersede the writ of possession, if not fully executed, or (2) he may give absolute security for all rent that has accrued, or may accrue, up to the time of final judgment, and appeal to the common pleas; "which appeal shall be then tried in the same manner that other suits are tried." The statute gives an appeal in this proceeding, "not for the trial of a collateral fact started by the defendant, as under the Act of March 21, 1772, 1 Sm. L. 370, or the Act of June 16, 1836, P. L. 755, sec. 83, but for trial of the facts which have been passed on by the justices:" Clark v. Everly, 8 W. & S. 226. When the case comes into the common pleas the burden of proof rests on the plaintiff, and he must be prepared to prove all the facts essential to the remedy invoked, namely, the demise; the reservation of rent; the tenant's failure to pay the same; the insufficiency of the goods on the premises, not exempt from levy and sale, to answer a distress; the service of proper notice to quit, and the tenant's failure to pay the rent in arrears, or to remove from the premises before the inception of the proceedings. Proof of the tenancy, the rent reserved, the amount in arrears and the tenant's failure to pay the same after demand, without more, would not be sufficient to entitle the plaintiff to recover in this proceeding. A careful examination of the plaintiff's statement will show that this is all that is alleged; and if the case had gone to trial and he had proved no move, it is manifest, that he could not have had judgment in his favor. It would seem to follow logically that he was not entitled to judgment in the issue joined upon the demurrer to his statement. To avoid this conclusion it may be said that a formal declaration or statement was not necessary. This depends upon the rules of the court in which the appeal was pending, and as we have not been informed concerning them we might properly decline to assume that the

plaintiff did an unnecessary thing in filing a statement setting forth his cause of action.   But even if they permitted him to treat the justice's transcript as a substitute for a declaration, it is not pretended that he was compelled to do so.   Where this practice prevails the general rule is that the plaintiff has his election to file a declaration or statement, or to go to trial on the transcript.   This is all we have a right to assume in the present case.   The plaintiff elected to pursue the former course, and then ruled the defendant to file an affidavit of defense. This was equivalent to saying to the defendant that what he was called upon to answer was the statement, and this is true whether it is or is not regular to demand an affidavit of defense in such a case.   By demurring specially to the statement the defendant admitted all the facts averred therein, but cannot be held to have admitted essential facts omitted therefrom, even though the transcript shows that they were averred before the magistrate.   We have examined the cases cited by the plaintiff but do not find that the foregoing conclusion is in conflict with any of them.   That on demurrer the court will consider the whole record and give judgment for the party who appears to be entitled thereto, is but another way of saying that a demurrer, whenever interposed, reaches back and seizes hold of the first defective pleading.   See Wyoming Co. v. Bardwell, 84 Pa. 104, Murphy v. Richards, 5 W. & S. 279, and 1 Chitty, Pleading, * 668.   The rule, correctly understood, has no application to the present case.   The more pertinent rule is, that the court will not look back into the record to adjudge in favor of an apparent right in the plaintiff, unless the plaintiff has himself put his action upon that ground: Marsh v. Bulteel, 5 B. & Ald. 507.   The defendant had a right to stand on the record the plaintiff had made, and to ask the judgment of the court upon the sufficiency of the statement of his cause of action without admitting other facts not therein alleged.   Possibly, with leave of the court, the plaintiff could have amended his statement or withdrawn it altogether and demanded a plea to the transcript.   Possibly, he may still do so.   As to that we express no opinion.   It is primarily a question for the court below and is not now raised.

The judgment is reversed at the costs of the plaintiff, and the record is remitted to the court below with a procedendo.