# Davis, Appellant, v. Fleshman.

*Demurrers—Amendment after demurrer—Failure to except—Appeals.*

1. If a party, after judgment upon demurrer to pleadings is given against him, under leave of court, amends the pleading demurred to, he acquiesces in the judgment upon the demurrer, and will not be permitted to assign it for error in the appellate court; particularly is this so when no exception has been taken.

*Appeals—Record facts not clear—Sufficiency of affidavit of defense— Discharge of rule for judgment.*

2. The action of the court below in discharging a rule for judgment for want of a sufficient affidavit of defense will not be held error on appeal where the facts as shown upon the record are not plain and the appellate court cannot say that the statement of claim and affidavit of defense raise a pure question of law or that, under the peculiar circumstances of the case, the defendant was obliged to furnish a more specific statement of the facts constituting his defense.

Argued March 28, 1911. Appeal, No. 80, Jan. T., 1911, by plaintiff, from order of C. P. No. 2, Phila. Co., March Term, 1905, No. 424, discharging rule for judgment for want of a sufficient affidavit of defense in case of Joseph A. Davis v. James B. Fleshman and Maurice H. Power, trading as J. B. Fleshman & Company. Before FELL, C. J., MESTREZAT, POTTER and MOSCHZISKER, JJ. Affirmed.

Assumpsit to recover $1,860 with interest from February 18, 1905.

The statement of claim avers that the amount in question represents the sum total of a number of payments made by the plaintiff to the defendant copartnership on gambling transactions entered into between the plaintiff and the defendants; that these transactions were made by way of wagers that certain securities or commodities listed upon the market would rise or fall above or below given figures; that all the wagers were "open, undetermined and unexecuted transactions" on November 28, 1904, "when the defendants ceased doing business, and

the contingent event, to wit, the rise or fall of the prices of the various stocks or commodities . . . . sufficient to determine the bet or gamble had never taken place, and the unknown event or casualty upon which the plaintiffs or defendants were to win or lose never happened;" that the bets were made and the money paid in New Jersey; that under the act of assembly of that state all money paid in such illegal transactions could be recovered back; and that a demand had been made for a refund of the money, which demand had been refused. A copy of the New Jersey statute expressly declared upon was attached to and made a part of the statement of claim.

The defendant Power .demurred that the New Jersey statute was contrary to the law and public policy of the commonwealth of Pennsylvania in that it permitted the courts to be used to recover money lost on a wager after the gambling transaction was a closed event. This demurrer was sustained with leave to the plaintiff to amend. The plaintiff took no exception to the judgment of the court sustaining the demurrer, but proceeded to amend his statement by adding an averment to the effect that the defendants "were liable under the law of Pennsylvania to the plaintiff" in the sum named. After amending his statement the plaintiff entered a rule upon the defendants to file an affidavit of defense. An affidavit and a supplemental affidavit of defense were filed by the defendant Power, in which he averred that while he was a member of the defendant firm he took no personal part in the conduct thereof and had no knowledge of the transactions in question; that his copartner and the manager of the office in which the bets were made were both dead and that he had not possession of and had never seen any of the books or records of the firm and did not know where they could be found; that the plaintiff had given testimony in another action at law involving the same matters referred to in the present suit in which he had admitted that certain of these bets or wagers were not open and undetermined transactions on the date aforesaid and had

asserted that such transactions were then closed; that "in reliance upon the said testimony of the plaintiff the defendant denies that all of the transactions above mentioned were open, undetermined and unexecuted transactions on November 28, 1904, and that the contingent event which was to determine the bet or gamble had never taken place, and the unknown event or casualty upon which the plaintiffs or defendants were to win or lose never happened." And the defendant averred further, "defendant is advised by counsel and therefore avers that no affidavit of defense is necessary to so much of the plaintiff's statement of claim as makes the statute of New Jersey . . . . the basis of the plaintiff's right to recover. Defendant is advised by counsel that a demurrer heretofore filed to the plaintiff's statement of claim has been sustained."

The plaintiff entered a rule for judgment for want of a sufficient affidavit of defense, which rule was discharged; whereupon he secured an exception. This exception is the only one upon the record, and the sole assignment of error is that "the court below erred in discharging the plaintiff's rule to show cause why a judgment should not be entered against the defendant for want of a sufficient affidavit of defense."

*Error assigned* was in discharging plaintiff's rule for want of affidavit of defense.

*Trevor T. Matthews,* for appellant.

*B. F. Pepper,* with him *G. W. Pepper,* for Maurice H. Power, appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, July 6, 1911:

The appellant states two questions involved: "First: Is the New Jersey statute set forth in the plaintiff's statement of claim enforceable in the state of Pennsylvania under art. IV, sec. 1, of the constitution of the United States and the acts of Congress passed in pursuance thereof?" and, "Second: Is the New Jersey statute

against the policy of the law of the commonwealth of Pennsylvania, and if so can the courts of this state refuse to enforce it?"

It is not necessary to determine either of these questions as they are not properly before us. Both of them were decided adversely to the plaintiff by the court below in disposing of the demurrer to the statement of claim, and instead of excepting to that ruling and standing upon the points at issue, the plaintiff amended his statement in such a manner as enabled him to base his claim for recovery upon the law of Pennsylvania rather than upon the New Jersey statute. Had the plaintiff desired to raise the question of the propriety of the ruling of the court below to the effect that the New Jersey statute declared upon by him was contrary to the public policy of the law of Pennsylvania and would not be enforced in this state, he should have taken an exception so that he might at a proper time assign the ruling for error; since he did not pursue this course, but took advantage of the leave to amend, we must view his statement as though the plaintiff had acquiesced in that ruling and had elected to rely upon the law of this state alone. "If a party, after judgment upon demurrer to pleadings is given against him, under leave of court, amends the pleading demurred to, he acquiesces in the judgment upon the demurrer, and will not be permitted to assign it for error in the appellate court:" 2 Cyc. 645. See also Sheppard v. Shelton, 34 Ala. 652; Ellison v. Allen, 8 Fla. 206; particularly is this so when no exception has been taken.

We cannot say that the facts as shown upon the record before us are plain, or that the statement of claim and affidavits of defense raise a pure question of law; nor can we say under the peculiar circumstances of this case that the defendant was obliged to furnish a more specific statement of the facts constituting his defense. Hence, it cannot be held that the court below committed error in discharging the rule for judgment for want of a sufficient affidavit of defense.

Whether this is a case where the evidence will show that the illegal gambling transactions were closed and the accounts stated between the parties, and where the original deposits still remain with the broker so identified that they can be recovered back; or, an instance where the plaintiff is endeavoring to reclaim losses paid on illegal gambling transactions, which the law will not aid him to recover; or, one where the plaintiff dealt with the defendants as principals, and where the conduct of the parties demonstrates that as between themselves they treated the matter as closed, settled and ended, and where, all being sui juris, the law will look at the plaintiff as one who has paid his bet, the loss from which he will not be assisted to recover, cannot be satisfactorily ascertained from the information contained in the statement of claim and the affidavits of defense. We shall not attempt to adjudge any of these issues at this time; they can best be determined at trial where it will be possible to secure all the relevant facts in regard to the dealings between the parties and to reach a correct decision as to their rights.

The appeal is dismissed at the costs of the appellant, without prejudice, and the record is remitted with a procedendo.