## Sutterly, Appellant, v. Fleshman.

*Pleading—Demurrer—Practice—Gambling contract.*

Where a demurrer is filed to a statement of claim in an action brought under a statute of New Jersey to recover money paid on a wager, and the plaintiff instead of joining in the demurrer amends his statement by leave of court in such a manner as to enable him to base his claim upon the law of Pennsylvania, rather than the law of New Jersey, the court cannot thereafter enter judgment for the defendant upon the original demurrer. In such a case the proper course for the plaintiff to pursue is to enter a rule upon the defendant to plead or file an affidavit of defense.

Argued Oct. 17, 1911. Appeal, No. 275, Oct. T., 1910, by plaintiff, from order of C. P. No. 1, Phila. Co., March T., 1905, No. 423, sustaining demurrer in case of Edward C. Sutterly v. James B. Fleshman and Maurice H. Power, trading as J. B. Fleshman & Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Demurrer to statement of claim.
The opinion of the Superior Court states the case.

*Error assigned* was in sustaining demurrer to statement.

*Trevor T. Matthews,* for appellant.—It was error to sustain the demurrer: Huntington v. Attrill, 146 U. S. 657 (13 Sup. Ct. Repr. 224); Forepaugh v. R. R. Co., 128 Pa. 217; Chicago & Alton R. R. Co. v. Ferry Co., 119 U. S. 615 (7 Sup. Ct. Repr. 398); Sutterly v. Fleshman, 41 Pa. Superior Ct. 131.

*B. F. Pepper*, with him *G. W. Pepper*, for appellee, cited: Sutterly v. Fleshman, 41 Pa. Superior Ct. 131.

OPINION BY PORTER, J., March 1, 1912:

The plaintiff in this action of assumpsit filed a statement averring that he had, in the year 1904, engaged in a number of gambling transactions with the defendants, involving bets upon the advance or decline of the market price of certain stocks, giving the dates of the several bets and detailing the conditions of the wagers, and alleging that he had paid to the defendants as stakes in said wagers the aggregate sum of $1,400. The statement further averred that these wagers were made in the state of New Jersey, that the money was there paid to the defendants, and that under a statute of the state of New Jersey, a copy of which was attached to and made part of the statement, the plaintiff was, upon bringing an action within six months after the payment of the money, entitled to recover back the money so paid to the defendants, this action having been brought within six months after the payment. The statute of New Jersey, made a part of the statement, provides, in substance, that if any person shall pay money upon any bet or wager, to the winner, or to a stakeholder or other depository, he may sue for and recover the same, whether the same shall have been delivered or paid over by such depository or stakeholder or not, and whether any such wager be lost or not. The defendants, on January 21, 1910, filed a demurrer to the statement which the plaintiff had filed in the case and assigned as cause of demurrer: "(1) The plaintiff has declared upon a statute of the state of New Jersey, which said statute is by its terms contrary to the public policy of the Commonwealth of Pennsylvania, as recognized and established by the courts of this state." The plaintiff did not join in this demurrer, but elected to amend his statement and, on May 6, 1910, obtained leave of court to do so, by adding an averment at the end of the statement as follows: "That the bets were never closed and that

the transactions were known as open transactions that might have been determined by the stock going one way or the other so as to make the difference of settlement between the parties more than the amount of the stake or security deposited. This never occurred and had a settlement taken place on the 28th day of December, A. D. 1910, when J. B. Fleshman & Co. failed, the stake or security would still have been in the hands of the defendants." This was the end of the pleadings in the case. With the record in this condition the court, on June 3, 1910, entered judgment in favor of the defendants, upon the demurrer which had been filed in the preceding January. The plaintiff appeals from this judgment.

The demurrer was a demand of the judgment of the court whether the defendants were bound to set forth any defense to the statement of his alleged cause of action which the plaintiff had then filed. They had a right to stand on the record which the plaintiff had made, and to ask the judgment of the court upon the sufficiency of the statement of his cause of action without admitting other facts not therein alleged. This was a tender of an issue of law, which, if the plaintiff had joined in the demurrer, would have been determined upon the sufficiency of the statement as it then stood. A demurrer to a statement arises on the face of the pleading which it opposes, and is never founded on collateral matter: Wyoming County v. Bardwell, 84 Pa. 104. The plaintiff could not change the issue which the defendants had tendered, by introducing new averments of fact and amending his statement in such a manner as to present a good cause of action and then assert that the defendants, by the demurrer admitted what they never had an opportunity to traverse: Gibson v. Todd, Administrator of Beale, 1 Rawle, 452. The plaintiff having discovered the slip in his pleading, the amendment of his statement was an acquiescence in the demurrer, he presented a new statement of his cause: Davis v. Fleshman, 232 Pa. 409. The plaintiff having declined the issue of law tendered by the defendants upon the sufficiency of

the first statement, and the defendants never having been called upon to plead or file an affidavit of defense to the amended statement, the pleadings did not present an issue which warranted the court in entering judgment. The defendants may have been perfectly. willing to stake their fortunes upon the sufficiency of the first statement, while they might have preferred to answer with an affidavit of defense the amended statement, which averred that the wagers were still open and undetermined and that the stakes were still in the hands of the defendants. When the plaintiff, by leave of court, amended his statement, in such a manner as to enable him to base his claim for recovery upon the law of Pennsylvania rather than upon the New Jersey statute, his proper course was to enter a rule upon the defendants to plead, or file an affidavit of defense: Palethorp v. Schmidt, 12 Pa. Superior Ct. 214. With the record as it stood, presenting no issue, the entry of judgment was erroneous.

The judgment is reversed, and the record is remitted to the court below with a procedendo.