## Davis, Appellant, *v.* Fleshman & Company.

*Contracts—Wagering contracts—Action to recover stake—Evidence—Burden of proof—Nonsuit.*

1. A recovery may be had from a stakeholder even though the contingency upon which the bet turned has happened if the stake has not actually been paid over to the winner, but the law declares all mere wagering contracts illegitimate transactions and void, and will not enforce them at the instance of either party. It will not aid the winner to recover from the loser the amount of the stake, and will not give assistance to the loser to recover back the amount of the bet after the transaction has been closed.

2. In an action to recover the amount of a stake deposited by the plaintiff with the other party to a wagering contract, the burden is upon the plaintiff to show that at the time when the demand for the return of the stake was made the transaction was open, undetermined and unexecuted, and that the contingent event which was to determine the bet had not taken place.

3. In an action to recover $1,860, deposited by plaintiff with defendant, as security for the payment of wagers, the court did not err in entering a nonsuit where it appeared that defendant firm operated a "bucket shop" and accepted bets from plaintiff upon the fluctuations of the prices of stock on the New York Stock Exchange, and that plaintiff made deposits with defendant as security for the payment of losses which plaintiff might incur; that plaintiff deposited various sums aggregating $1,860, and that in six transactions, in which the total payments were $220, the plaintiff was the winner; that plaintiff then ordered the transactions closed and demanded his profits and defendant failed the following day; and the evidence did not show with certainty that

the other transactions were open, undetermined and unexecuted on the day when the plaintiff ordered the whole series of transactions closed, or that there was any sum remaining at the time in the hands of the defendant dependent upon the fluctuations of the market.

Argued March 24, 1914. Appeal, No. 357, Jan. T., 1913, by plaintiff, from order of C. P. No. 2, Philadelphia Co., March T., 1905, No. 424, refusing to take off nonsuit in case of Joseph A. Davis v. James B. Fleshman and Maurice H. Power, trading as J. B. Fleshman and Company. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Assumpsit to recover a stake deposited with defendants in a gambling transaction. Before WILTBANK, J.

The facts appear in the opinion of the Supreme Court and in Davis v. Fleshman, 232 Pa. 409.

The trial judge entered a nonsuit, which the court in banc subsequently refused to take off. Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*Trevor T. Matthews,* for appellant, cited: Sutterly v. Fleshman, 41 Pa. Superior Ct. 131; Davis v. Fleshman, 232 Pa. 409; Bauer v. Fabel, 221 Pa. 156; McAllister v. Hoffman, 16 S. & R. 146; Conklin v. Conway, 18 Pa. 329; Dauler v. Hartley, 178 Pa. 23.

*B. F. Pepper,* with him *G. W. Pepper,* for appellee, cited: Albertson v. Laughlin, 173 Pa. 525.

OPINION BY MR. JUSTICE MESTREZAT, May 4, 1914:

In 1904 the defendants were engaged in the business of gambling upon wagers or bets that the market value of certain stocks would rise or fall as evidenced by quotations from the New York Stock Exchange. The business did not contemplate the purchase or sale of shares

of stock, but was only a dealing in differences or fluctuations in the prices of stocks. The firm would receive deposits of money as a stake, or security for the payment of the difference between the selling price of the stock on one day and the selling price of the same stock on another day. The business was closed out on November 28, 1904. Since the twenty-second day of October, 1904, the plaintiff deposited with the defendants at various times certain sums of money as a stake or security upon the bet or wager of the fluctuations of certain specified stocks, aggregating $1,860, which is now sought to be recovered in this action. An affidavit of defense was filed denying the liability of the defendants for the whole or any part of the sum claimed by the plaintiff. A rule for judgment was taken which was discharged by the court below. An appeal was taken to this court, and the judgment of the court below was affirmed: Davis v. Fleshman, 232 Pa. 409. In the opinion we said, inter alia: "Whether this is a case where the evidence will show that the illegal gambling transactions were closed and the accounts stated between the parties, and where the original deposits still remain with the broker so identified that they can be recovered back; or, an instance where the plaintiff is endeavoring to reclaim losses paid on illegal gambling transactions, which the law will not aid him to recover; or, one where the plaintiff dealt with the defendants as principals, and where the conduct of the parties demonstrates that as between themselves they treated the matter as closed, settled and ended, and where, all being sui juris, the law will look at the plaintiff as one who has paid his bet, the loss from which he will not be assisted to recover, cannot be satisfactorily ascertained from the information contained in the statement of claim and the affidavits of defense." On the subsequent trial of the cause, the learned court below granted a nonsuit which it subsequently refused to take off and the plaintiff has taken this appeal.

We have no quarrel with the doctrine of the cases cited

by the appellant.  Since the decision in McAllister v. Hoffman, 16 S. & R. 146, decided more than three quarters of a century ago, it has been the settled law of this State that a recovery may be had from a stakeholder even though the contingent event upon which the bet turns has happened, if the stake has not actually been paid over to the winner.  Before actual payment the gambler may repent and demand of the stakeholder the repayment of his deposit.  The law regards the transaction as illegal and void, and the deposit in the hands of the stakeholder is still the money of the gambler.  Hence, he may maintain an action to recover it before it passes into the hands of the other party to the gambling transaction.  The authorities cited by the learned counsel for the appellant declare this to be the law of this State, and we know of no decision of this court in conflict with it.

It is equally well settled in this jurisdiction that all mere wagering contracts are illegitimate transactions which the law declares void and which will not be enforced at the instance of either party to the contract.  It will not aid the winner to recover from the loser the amount of the stake, and it will not give assistance to the loser to recover back the amount of the bet after the transaction has been closed.  It will leave the parties as it finds them.  The law will not attempt to settle disputes between gamblers by enforcing their alleged rights arising out of the illegal transaction.

This was not a case of marginal dealings in which a broker purchased and sold stocks for his customer.  It is not pretended that such was the purpose of the contract entered into between the plaintiff and the defendants.  The latter carried on what is known as a "Bucket Shop" in which the real transaction was a daily settlement of differences in the fluctuations of the prices of stocks on the New York Stock Exchange.  No stocks were purchased or sold by the defendants for or on account of customers.  This was well known by the plaintiff.  The plaintiff deposited with the defendants a cer-

tain sum of money as a wager or bet that a certain number of shares of a particular stock would advance. If the stock did so advance the plaintiff was the winner. If, however, the price of the stock declined the defendants won and held the amount of the deposit. During the whole period of the transaction involved in this case the plaintiff made the deposits or series of bets upon the various stocks from time to time, the amount aggregating, as already observed, $1,800. It appears that in six of the transactions, in which the aggregate payments were $220, the movement of the market was in favor of the plaintiff. He ordered the transaction closed and made a demand for his profits on November 28, 1904, but the defendant firm failed the following day and he was unable to collect the amount of his winnings. As to whether the other bets resulted favorably to the plaintiff the evidence does not with certainty disclose. Uncertainty as to this and other material matters exists throughout the case. The evidence on the trial of the cause did not clear up the uncertainty which we held to exist in the pleadings when the case was here before and we declined to enter judgment for want of a sufficient affidavit of defense. The burden was upon the plaintiff to show, as alleged in his statement, that the several transactions were open, undetermined and unexecuted on November 28, 1904, and that the contingent event which was to determine the bet had never taken place. This is denied by the defendants and the evidence does not support the plaintiff's contention. At all events, the evidence is so uncertain that a verdict finding such to be the fact could not be sustained. If the bets were against the plaintiff the deposit, automatically, went into the hands of the defendants as winners. In the absence of evidence to the contrary, it must be assumed that the successive amounts were deposited with the defendants because each prior deposit went to the defendants as winners, each transaction being closed and followed by its successor. The evidence does not,

therefore, clearly show any sum remaining in the hands of the defendants dependent upon the fluctuations of the market in favor of the plaintiff which was necessary to enable the plaintiff to recover in this action.

This is not an action brought by the loser in a gambling transaction against a stakeholder to recover the amount of the deposit before the transaction is closed and the amount paid to the winner. The defendants were not stakeholders of the funds deposited with them in the sense which would permit a recovery by the loser in an undetermined or unexecuted gambling transaction. The plaintiff and defendants were both parties to the illegal contract. The money deposited by the plaintiff with the defendants was a wager upon the fluctuations of the prices of certain specified stocks. This deposit was made with the defendants to secure them in their winnings. They could have trusted the plaintiff to pay his debt if he lost but they did not intend to take any such chance. They, therefore, made themselves secure by requiring the deposit. When the bet was won by the defendants it automatically passed to and went into the possession of the defendants. The transaction was then closed and the defendants no longer held the deposit awaiting the happening of the contingency which determined their right to the deposit. They were not stakeholders who were disinterested in the result of the bet and who held the fund for the successful party to the wagering contract. They were parties to the illegal transaction and held the deposit as winners of the bet. This action, therefore, was brought by one party against the other party to a gambling transaction which the law declares void and which it will not enforce in aid of either party.

The judgment is affirmed.