Beneville Riner, Administrator of Rebecca Riner, Deceased, *v.* John Riner, Administrator of George Riner, Deceased, Appellant.

*Statute of limitations—Decedents' estates—Executors and administrators —Insurance.*

A cause of action does not exist, unless there be a person in existence capable of suing, or of being sued. When one receives money belonging to the estate of an intestate, after his death, and before administration granted, the statute runs not from the date of the receipt, but from the grant of administration.

Where an action is brought by an administrator to recover money paid by an insurance company to a person who had no insurable interest in the life of plaintiff's intestate, the statute of limitations begins to run only from the date of the grant of letters of administration to the plaintiff. In such a case the fact that there was gross laches in taking out administration does not defeat the right of action.

*Insurance—Insurable interest—Nephew and aunt.*

A nephew by marriage who is named as a beneficiary in a policy of insurance upon the life of his aunt, and who pays all the premiums and assessments due under the policy, is only entitled to retain out of the money paid to him by the insurance company the premiums and assessments which he has paid.

Argued Feb. 18, 1895.    Appeal, No. 403, Jan. T., 1894, by defendant, from judgment of C. P. Schuylkill Co., Sept. T., 1889, No. 280, on verdict for plaintiff. Before Green, Williams, McCollum, Dean and Fell, JJ.    Affirmed.

Assumpsit to recover insurance money alleged to have been wrongfully paid to defendant.

At the trial, it appeared that on November 11, 1879, Rebecca Riner took out a policy of life insurance for $3,000 in the Prudential Mutual Aid Society of America, making George Riner, her nephew by marriage, beneficiary in the policy. George Riner paid all the fees and charges and all the assessments.

Rebecca Riner died on November 6, 1880, and on March 23, 1881, George Riner received $2,171.12 from the Insurance Company in full payment of the policy. Rebecca Riner left to survive her, a husband and seven children; all of whom were at the time over legal age. Plaintiff took out letters of administration on Rebecca Riner's estate on August 15, 1887. On December 20, 1886, George Riner died, and defendant was appointed his administrator on August 15, 1887. This suit was brought on August 22, 1889, eight years and four months after the payment of the insurance money to George Riner.

The court charged in part as follows:

" [ The defendant has interposed the statute of limitation as an answer to the plaintiff's claim. Since the ruling in York's Appeal, 110 Pa. 69, and the opinion in the re-argument of that case, there can be no doubt of the right to interpose the plea of the statute of limitations in the Orphans' Court, as well as in any other proceeding. This we do not understand to be disputed. The more important question in this case seems to be when it begins to run. After a patient hearing of counsel on both sides, and a somewhat careful consideration of the numerous authorities cited, we are led to the conclusion that limitation does not bar the right of recovery in this case.] [1]

" [Benneville Riner, administrator of Rebecca Riner, obtained his letters on the 15th of August, 1887, and he instituted this suit in August, 1889. And, though more than six years elapsed from the time the defendant received the money in question, prior to the bringing of this suit, yet the suit was brought within six years of the time letters of administration were obtained by the plaintiff. Prior to his obtaining the letters of administration he could not bring suit, and we are therefore of the opinion that limitation began to run from that time. We arrive at this conclusion upon the decisions of our highest court found in Levering v. Rittenhouse, 4 Wharton, 138; Marsteller v. Marsteller, 93 Pa. 350; Appeal of Amole's Administrators, 115 Pa. 356; Stambaugh v. Blake, 1 Monaghan 609, and other authorities, both decisions and text-book law.

" We therefore say that the plaintiff is not prevented from recovering by reason of limitation.] [2]

" [Nor can we say that the fact that the policy on which defendant received the money in question was a wagering policy, would defeat plaintiff's right to a recovery.

" The plaintiff, to show a right of action against the defendant, must show the policy was of such a character, and so did the plaintiffs have to do in each of the above last cited cases. Yet it was held in every one of them that as to the beneficiary who had no insurable interest in the life of the assured, the personal representatives of the insured were entitled to recover, notwithstanding the wagering character of the transaction was necessarily made to appear.   And, indeed, in Gilbert v. Moose's Administrators, counsel presented to our Supreme Court the illegality of the contract, its wagering character, to defeat a recovery, but without avail.] [3]

" [For the reasons above given we say that the plaintiff is entitled to recover from the defendant the amount by him received, to wit, $2,171.12, less all the premiums, assessments, policy dues and annuals, as they have been called, which he, the defendant, paid.   After deducting these credits you will ascertain the balance in favor of the plaintiff and allow lawful interest thereon from April 11, 1881.] " [4]

Verdict and judgment for plaintiff for $3,576.16.   Defendant appealed.

*Errors assigned* were (1–4) above instructions, quoting them.

*J. W. Moyer* and *J. W. Ryon*, for appellant.—The test whether a demand connected with an illegal transaction is capable of being enforced at law, is whether the plaintiff requires the aid of the illegal transaction to establish his case.   If the plaintiff cannot open his case without showing that he has broken the law, the court will not assist him, whatever his claim in justice may be upon the defendant: Swan v. Scott, 11 S. & R. 164; Evans v. Dravo, 24 Pa. 65 ; Johnston v. Hulings, 103 Pa. 503 ; Hendrickson v. Evans, 25 Pa. 444; Holt v. Green, 73 Pa. 198.

The principle of public policy is, that no court will lend its aid to a party who grounds his action upon an illegal or immoral act: Thorne v. Ins. Co., 80 Pa. 28 ; Seidenbender v. Charles' Adm., 4 S. & R. 151 ; Mitchell v. Smith, 1 Binney, 118 ; Morris Run Coal Co. v. Barclay Coal Co., 68 Pa. 173 ; Filson

v. Himes, 5 Pa. 452; Armstrong v. Toler, 11 Wheaton, 258; Gilbert v. Moose, 104 Pa. 74; Hendrickson v. Evans, 25 Pa. 444.

In an action against an administrator for the debt of his intestate the statute of limitations is a bar, although six years had not elapsed at the death of decedent, and the suit was brought within six years after his death: Reed v. Marshall, 90 Pa. 348; Yorks's Ap., 110 Pa. 69; Campbell v. Fleming, 63 Pa. 242.

And a debt that is barred may not be revived against the estate by the promise of the administrator to pay it: Fritz v. Thomas, 1 Wharton, 66; Steel v. Steel, 12 Pa. 64; Clark v. Maguire's Adm., 35 Pa. 259.

And if the administrator fails to plead the statute creditors and next of kin may intervene and plead it: Hoch's Ap., 21 Pa. 280; Ritter's Ap., 23 Pa. 96; Kittera's Est., 17 Pa. 416.

Plaintiff's delay in obtaining letters defeats his right of action: Morrison's Adm. v. Mullin, 34 Pa. 17; Milne's Ap., 99 Pa. 492; Steele's Admrs. v. Steele, 25 Pa. 154; R. R. v. Graham, 36 Pa. 78; Waterman v. Brown, 31 Pa. 165; Downey v. Garard, 24 Pa. 52; Alexander v. Leckey, 9 Pa. 120; Barton v. Dickens, 48 Pa. 522; Yorks's Ap., 110 Pa. 69; Chapman's Ap., 122 Pa. 331; Keyser's Ap., 124 Pa. 80.

*A. W. Schalck, Nicholas Heblich* with him, for appellee.— Plaintiff's case is not barred by the statute of limitations: Marsteller v. Marsteller, 93 Pa. 350; Amole's Admr.'s Ap., 115 Pa. 356; Stambaugh v. Blake, 1 Monaghan, 609; Levering v. Rittenhouse, 4 Wharton, 130; Murray v. East India Co., 5 Barn. & Ald. 204; Angell on Limitations, (5th ed. 1869) 45, sec. 55.

Defendant had no insurable interest in the life of his aunt, and is not entitled to the fund in controversy: Corson's Ap., 113 Pa. 438; U. B. Mut. Aid Society v. McDonald, 122 Pa. 324; Keystone M. Benefit Assn. v. Norris, 115 Pa. 446; Gilbert v. Moose, 104 Pa. 74; Wegman v. Smith, 16 W. N. C. 186; Vanormer v. Homberger, 142 Pa. 575; Meily v. Hershberger, 16 W. N. C. 186; Stoner v. Line, 16 W. N. C. 187; Kohr v. Wolf, 16 W. N. C. 189; Downey v. Hoffer, 110 Pa. 109; Ruth v. Kellerman, 112 Pa. 251; Seigrist v. Schmoltz, 113 Pa. 326 Stambaugh v. Blake, 1 Monaghan, 609.

OPINION BY MR. JUSTICE GREEN, March 11, 1895 :

After a most attentive study of the very able argument of the learned counsel for the appellant, we feel obliged to say that we regard both the questions discussed on this appeal as settled and controlled by our previous decisions. Marsteller v. Marsteller, 93 Pa. 350, decided that if no cause of action accrued prior to the death of the party entitled, the statute of limitations did not commence to run until administration was granted. In the opinion Mr. Justice TRUNKEY said, " A cause of action does not exist, unless there be a person in existence capable of suing, or of being sued. When one receives money belonging to the estate of an intestate, after his death, and before administration granted, the statute runs not from the date of the receipt, but from the grant of administration." The decision was put upon this broad ground and not upon the special facts of that case. In Amole's Administrator's Appeal, 115 Pa. 356, we again affirmed this doctrine and in other cases before and since, and the same rule is held by the English courts : Murray v. East India Company, 5 B. & A. 204. In this case it was not possible that any right of action could have accrued during the life of Rebecca Riner, nor indeed until after the money was received by George Riner. Hence when the cause of action did accrue it could only be to her administrator.

It must be conceded that there was gross laches in taking out administration, but that circumstance does not seem sufficient, under the authorities, to defeat the right of action.

We make this decision with the greatest reluctance and only by the sheer force of our prior rulings. But it is intolerable that there shall be a right of action continuing for an indefinite time simply because those who are entitled to take out administration neglect or refuse to do so, and it is to be hoped that the legislature will grant relief by extending the statute of limitations to such cases and providing that it shall commence to run from the death of the decedent. This will give six years in which to take out letters before the claim will be barred and that length of time is surely enough.

On the subject of the illegality of the contract our decisions in numerous cases, beginning with Gilbert v. Moose, 104 Pa. 74, and followed by Downey v. Hoffer, 110 Pa. 109 ; Ruth v.

Katterman, 112 Pa. 251, and many other cases, leave us no alternative but the affirmation of the judgment of the court below, except the reversal of all of them. This we are unwilling to do.

Judgment affirmed.