## Taussig, Appellant, *v.* United Security Life Insurance & Trust Company.

*Insurance—Life insurance—Insurable interest—Purchase of policy.*

1. The mere purchase of a life insurance policy on the life of another, does not in itself create an insurable interest in the purchaser in the life of the insured.

2. Where a person who is not a creditor, and who has not otherwise any insurable interest in the life of another person, purchases a life insurance policy on the life of such other person, he will be entitled, after the death of the insured, to retain from the proceeds of the policy only such premiums, payments and expenditures as were made or incurred by him on account of the policy. The purchase of the policy in such a case is a wagering contract, unlawful and void.

Argued Jan. 13, 1911. Appeal, No. 221, Jan. T., 1910, by plaintiff, from order of C. P. No. 3, Phila. Co., June T., 1908, No. 5,165, discharging rule for judgment for want of a sufficient affidavit of defense in case of Lillian M. Taussig, administratrix c. t. a. of the estate of Robert Hodgson Ball, deceased, v. The United Security Life Insurance & Trust Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Reversed.

Assumpsit for money had and received.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Supreme Court states the facts.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*E. Spencer Miller,* with him *William Trautwine, Jr.,* for appellant.—There was no insurable interest possessed by defendant in the life of the insured and the estate is therefore entitled to hold the company for the insurance moneys unlawfully retained: Gilbert v. Moose, 104 Pa. 74; Stoner v. Line, 16 W. N. C. 187; Ruth v. Katterman, 112 Pa. 251; Stambaugh v. Blake, 22 W. N. C. 407; Brennan v. Franey, 142 Pa. 301; Riner v. Riner, 166 Pa. 617; Warnock v. Davis, 104 U. S. 775; New York Mut. Life Ins. Co. v. Armstrong, 117 U. S. 591 (6 Sup. Ct. Repr. 877); Russell v. Grigsby, 168 Fed. Repr. 577.

*Henry LaBarre Jayne,* of *Biddle, Paul & Jayne,* for appellee, cited: Wheeland v. Atwood, 192 Pa. 237.

Opinion by Mr. Justice Elkin, March 20, 1911:

This suit was brought to recover the amount realized by the defendant company from the proceeds of an insurance policy taken out upon the life of Robert Hodgson Ball, less such premiums, payments and expenditures as the appellee was required to make or incur in connection with the transaction. The appeal comes into this court from an order of the court below refusing to enter judgment for want of a sufficient affidavit of defense. The insured decedent on October 12, 1893, at the age of forty-one, took out the policy in question, and on September 23, 1895, sold it to the appellee company. At the time the transaction was consummated, Ball, the insured, sold to the appellee company two items of property; one a vested interest held by him in remainder, on the death of his mother, in certain property settled in trust by his father; the other item being the policy of insurance upon his own life, the proceeds of which, or at least that part of

the proceeds remaining after deducting premiums, payments and expenditures, are involved in this controversy. The policy of insurance called for the payment of $15,000 at the death of the insured. The present worth of the reversionary interest at the time of the completion of the transaction was estimated to be $7,000. The appellee company paid to Ball as the consideration for these two items of property $14,500. Ball died September 24, 1897, and the appellee company was paid the face value of the policy, $15,000. His mother died December 2, 1904, and by the decree of court the reversionary interest in the estate of his father amounting to $9,989.35 was awarded to appellee. At the time Ball sold these two items of property to appellee the relation of debtor and creditor did not exist between the parties. The policy had no accrued value at the time of its purchase. It was not assigned for the purpose of securing a creditor upon an existing indebtedness. It was an absolute sale of the policy to a company, not interested as a creditor or by ties of blood, in the life of the insured. The only interest the purchasing company had was that which grew out of the transaction itself. These facts clearly appear in the pleadings or are conceded in the argument of the case. The legal question to be determined upon this state of facts is, whether the appellee company had an insurable interest in the life of Ball so as to relieve the transaction from the ban of the rule which holds wagering contracts on the life of another unlawful and invalid. The appellee relies on Wheeland v. Atwood, 192 Pa. 237, and the line of cases there followed, to sustain the contention that the transaction did not constitute a wagering and unlawful contract. That case held in substance that a creditor may lawfully take out a policy on the life of his debtor in an amount sufficient to cover the debt and the cost of such insurance with interest not only on the debt but upon the expenditures during the period of the expectancy of life of the insured according to the Carlisle tables. It also appeared in that case that the policy was on the life of a wife

who assigned it to her husband and he in turn assigned it to a creditor in payment of an existing indebtedness. It was there held that the assignment of the policy by the debtor to his creditor in payment of an antecedent debt constituted a valid lawful contract and that the creditor was entitled to the whole amount of the policy. This is the settled rule of our cases and there does not appear to be any sufficient reason, of public policy or otherwise, for disturbing it. In the case at bar the attempt is made to extend the rule a step farther than any decided case in our own state has yet gone. In the present case there was an absolute purchase of the policy by a company which at the time of the transaction had no interest in the life of the insured. There was no antecedent debt to be paid or secured. The relation of debtor and creditor had not yet been established at the time the negotiations were pending, nor did it exist after the transaction had been completed. The insured sold to a purchasing company in no way connected with him so far as the record shows, two items of property, one of them an insurance policy on his own life, and received in payment therefor the definite amount of money agreed upon. When the transaction was completed the purchasing company owned the policy and the reversionary interest, and the insured had received the amount of money agreed to be paid him. It was an absolute unconditional purchase and sale. The purchasing company acquired title to the property sold and Ball got the money agreed upon as a consideration. He had no further obligations in the matter either as a debtor or as a party to the contract. In other words, neither before nor after the transaction was he a debtor to the appellee company. Under these circumstances the transaction in question cannot be sustained upon the ground that the appellee company was a creditor of Ball and had under the authority of our cases the right to purchase or take an assignment of the policy in payment of an existing indebtedness. Wheeland v. Atwood, 192 Pa. 237, and many other cases of like import are authority

for the doctrine that a creditor has an insurable interest in the life of his debtor, but these cases are not authority for the proposition that a purchasing company, not a creditor and having no such relation, has an insurable interest in the life of one who simply offers to sell and does sell a policy upon his own life for a definite fixed sum. The foundation of the rule is the existence of the relation of creditor, and if this relation does not exist, there is no foundation upon which to predicate the rule. The relation must exist at and before the time of the transaction, and cannot grow out of the transaction itself, nor out of the subsequent dealings between the parties. A creditor to have an insurable interest in the life of his debtor within the meaning of the rule of our cases must show that at the time he took an assignment of the policy, there was a valid existing indebtedness, in which event the relation of debtor and creditor would clearly exist. In the case at bar no such relation was shown. The statement of claim in express terms avers that the appellee company had no insurable interest in the life of Ball, and while the affidavit of defense sets out the details of the transaction relied on to establish an insurable interest, it does not show any existing indebtedness at the time of the transaction, or indeed when it was completed. The facts relied on as a defense do not show that the relation of debtor and creditor ever existed between the parties to the transaction. The rule relied on has therefore no application. We are of opinion that the appellee did not have an insurable interest in the life of Ball and that the transaction whereby the policy in question was purchased constituted a wagering contract upon the life of another, within the meaning of that class of cases declaring such contracts to be unlawful as against public policy: Gilbert v. Moose, 104 Pa. 74; Ruth v. Katterman, 112 Pa. 251; Stambaugh v. Blake, 22 W. N. C. 407; Riner v. Riner, 166 Pa. 617. See also Warnock v. Davis, 104 U. S. 775; Gordon v. Ware National Bank, 132 Fed. Repr. 444.

The affidavit of defense sets up the bar of the statute of limitations, but counsel on both sides stated to the court that this defense was waived and would not be insisted upon. We have therefore treated the case as if no question as to the statute of limitations had been raised.

The order of the court below discharging the rule asking judgment for want of a sufficient affidavit of defense is reversed and the record is remitted for the purpose of ascertaining the balance due appellant out of the proceeds of the insurance policy, less such premiums, payments and expenditures as were made or incurred on account of the same, and when the balance due appellant has been liquidated, judgment to be entered thereon.