# United Security Life Insurance, Etc., Co., Appellant, *v.* Brown (No. 1).

*Insurance — Life insurance — Insurable interest — Uncle and nephew—Wagering contract—Speculative purpose — Presumption —Burden of proof—Consideration indivisible.*

1. Where a life insurance company pays the amount of the insurance at the time the policy is issued and takes a bond and mortgage to secure the premiums, the contract is valid, if an insurable interest appears.

2. If, in such case, an uncle takes out the policy on the life of a nephew, the contract is invalid, because an uncle has no insurable interest in the life of a nephew by reason of his relationship.

3. The speculative purpose is presumed, irrespective of the motive or intention of the parties.

4. In foreclosure proceedings following a default in the payment of the premiums, where the mortgage and bond, introduced in evidence, refer in terms to the insurance contract of even date, and disclose the lack of insurable interest, there is no burden on defendant to show the parties intended an illegal transaction. The burden is on plaintiff to show the contract was legal.

5. Plaintiff cannot contend recovery might be had on the mortgage irrespective of the wagering contract, on the ground that the default in paying a premium worked a termination of the insurance feature, leaving unaffected the loan transaction, evidenced by the mortgage. As the consideration was indivisible, and a part illegal, the whole fell.

6. Nor can plaintiff claim it could recover back the money as if it were in the hands of a stakeholder in a gambling transaction from whom the fund can be reclaimed so long as it remains in his possession. In such case the money is not in the hands of a stakeholder, inasmuch as it had been paid to the beneficiary; and, even if it were, the suit on the mortgage was an affirmance of the wagering contract.

7. Wagering contracts will not be enforced at the instance of either party to the contract.

Argued February 21, 1921. Appeal, No. 1, Jan. T., 1921, by plaintiff, from judgment of C. P. Lackawanna Co., March T., 1917, No. 743, on verdict for defendant, in case of United Security Life Insurance & Trust Co.

of Penna. v. George W. Brown. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Scire facias sur mortgage. Before MAXWELL, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendant: See 19 Lackawanna Jurist 1. Plaintiff appealed.

*Error assigned,* among others, was refusal of defendant's motion for judgment n. o. v.

*Howard H. Yocum,* of *Biddle, Paul, Dawson & Yocum* and *A. A. Vosburg,* with them *Knapp, O'Malley, Hill & Harris,* for appellant.—The mortgage and its accompanying bond, and the contract, whose performance was intended to be secured thereby, are presumptively valid; the burden was on defendant to establish illegality, if any illegality exists therein, and this burden defendant did not sustain: Zenatello v. Hammerstein, 231 Pa. 56; Horan v. Weiler & Ellis, 41 Pa. 470; Phillips's Est., 238 Pa. 423; Corson's App., 113 Pa. 438; McGraw v. Metropolitan Life Ins. Co., 5 Pa. Superior Ct. 488.

Assuming the contract in the present case to be a wagering one, the mortgage and accompanying bond given to secure the enforcement of the contract, can be equally used to secure the return of the money deposited with defendant to await the happening of the contingency, if the contract, before the contingency happen, is cancelled by either party upon the discovery that it is a wagering contract: Spring Co. v. Knowlton, 103 U. S. 49; Repplier v. Jacobs, 149 Pa. 167; Peters v. Grim, 149 Pa. 163; Davis v. Fleshman, 245 Pa. 224.

Even if these contracts were invalid, so far as the insurance feature is concerned, still the contracts may be sustained for the purpose of enforcing the repayment of the loan less the amounts paid thereon: Richey's App.,

266 U. S. LIFE INS., ETC., CO., Appel., v. BROWN (No. 1).

187 Pa. 173; Irvin v. Irvin, 169 Pa. 529; Downey v. Hoffer, 110 Pa. 109.

*Clarence Balentine* and *R. L. Levy*, for appellee.—The contract was void as a wagering policy: Ulrich v. Reinoehl, 143 Pa. 238; Corson's App., 113 Pa. 438; Moving Picture Co. v. Ins. Co., 244 Pa. 357.

OPINION BY MR. JUSTICE SADLER, April 18, 1921:

The plaintiff issued a policy of insurance upon the life of Roger W. Tyler at the request of his uncle, the present defendant. It differed from the ordinary endowment contract in that the amount of insurance was paid in full at the time of its execution. To secure the company in the collection of the premiums, a mortgage was taken—which covered the cost of insurance, plus the interest on the sum advanced, and other charges—to be satisfied at the end of the endowment period, provided there was no default in payments fixed; or sooner, if the insured should die. A policy of this character is not objectionable when an insurable interest appears: United Security L. I. & T. Co. v. Ritchey, 187 Pa. 173.

Brown applied for the insurance in the name of his nephew, a younger man, so that the cost might be lessened. The bond and mortgage, given as collateral to secure the payment of the premiums, were executed by the defendant, and, on their face, both referred to an agreement by which the rights of insurer and insured were fixed. Default in the payment of an installment resulted in these foreclosure proceedings. To the scire facias issued, the defense was made that the mortgage was given to secure the performance of a contract, which was speculative in its nature, Brown having no insurable interest in the life of Tyler. This contention was sustained in the court below, and binding instructions were given for defendant.

If the policy had been issued on the life of Brown, the transaction would be upheld, and the mortgage given en-

forced (United Security L. I. & T. Co. v. Ritchey, supra), but the one named was Tyler, in whom he had no insurable interest by reason of his relationship: Corson's App., 113 Pa. 438; Riner v. Riner, 166 Pa. 617. It is true that the nephew could have taken out a policy on his own life, and made it payable to whomsoever he saw fit (Haberfeld v. Mayer, 256 Pa. 151); yet where, as here, it was issued for the use of one having no insurable interest, the contract was one of wagering and cannot be enforced: Keystone Mut. Benefit Assn. v. Norris, 115 Pa. 446; Taussig v. United Security L. I. & T. Co., 231 Pa. 16. Under these circumstances, the speculative purpose is presumed, irrespective of the motive or intention of the parties: Seigrist v. Schmoltz, 113 Pa. 326; U. B. Mut. Aid Soc. v. McDonald, 122 Pa. 324.

It is urged by appellant that the rules suggested should not be applied here, since there is no presumption that the parties contracted to do something unlawful, and the burden of showing that such was the intention rested upon the defendant. For the plaintiff to recover, it was essential that it offer in evidence the mortgage. This, and the accompanying bond, referred in terms to the agreement of even date, which clearly showed the character of the transaction. On its face, the relationship of the parties appeared, which disclosed the lack of insurable interest. If other facts altered this situation, they should have been proven, and thus have placed the contract, upon which the suit was based, without the class condemned by public policy.

The court below held the burden to be upon the plaintiff. This rule has been frequently upheld where the recovery was sought for loss to property by fire: Moving Picture Co. v. S. U. & N. Ins. Co., 244 Pa. 358. In life policies, differing from fire insurance where the contract is one of indemnity against loss, the promise is to pay a definite sum upon the death, or at the expiration of an endowment period. The same principle applies, however, where the right to recover depends upon the

enforcement of the policy upon which suit is based (25 Cyc. 926; 2 Joyce on Insurance 1934), unless the relationship appearing on its face affords a presumption of interest: 1 Cooley, Briefs on Insurance 325. This conclusion has been reached in other jurisdictions where the question has been considered: Ruse v. Mut. Benefit L. I. Co., 23 N. Y. 516; Singleton v. St. Louis Mut. Ins. Co., 66 Mo. 63; Crotty v. Union Mut. L. Ins. Co., 144 U. S. 621; Christenson v. Madson (Minn.), 149 N. W. 288. A different rule would prevail if the company paid the amount of the policy to one, and another then claimed the fund. In such case, the person who has received the proceeds is prima facie entitled to retain, and one who contests that right must affirmatively show that the recipient lacked an insurable interest: Lenig v. Eisenhart, 127 Pa. 59; Phillips's Est., 238 Pa. 423; Haberfeld v. Mayer, 256 Pa. 151. No error was committed by the learned court below in the ruling complained of.

The plaintiff further contends that recovery might be had upon the mortgage, notwithstanding it was given for the purpose of securing payment of the premiums upon a wagering contract, insisting that the default in the payment of an installment due worked a termination of the insurance feature, leaving unaffected the loan transaction, evidenced by the mortgage, which was enforceable. The obligation in suit was given to secure the compliance with the terms of an insurance contract condemned by public policy. The consideration was indivisible, and, a part being illegal, the whole fell: Kuhn v. Buhl, 251 Pa. 348; Delafant v. Shapiro, 73 Pa. Superior Ct. 186. "What results to a contract against public policy is a total and irremediable paralysis, which leaves it without any force or effect whatever, so that it cannot, under any circumstances, be made the basis of a cause of action. The law when appealed to will have nothing to do with it, but will leave the parties just in the condition in which it finds them": Pittsburgh

v. Goshorn, 230 Pa. 212, 227; Pearce v. Wilson, 111 Pa. 14.

It was further suggested that the company could recover back the sum which it had advanced, the agreement of insurance having been ended by default in payment of premium, and the moneys paid by it should be treated as if in the hands of a stakeholder in a gambling transaction from whom the fund can be reclaimed so long as it remains in his possession: Peters v. Grim, 149 Pa. 163. "It is equally well settled in this jurisdiction that all mere wagering contracts are illegitimate transactions which the law declares void and which will not be enforced at the instance of either party to the contract": Davis v. Fleshman & Co., 245 Pa. 224, 227. In the present case, the money was not in the hands of a stakeholder, but had been paid in advance to the beneficiary named in the agreement. Even if the contrary were true, the appellant would not be aided, for its suit on the mortgage was in affirmance of the wagering contract. This negatives any idea of rescission or repudiation of the illegal transaction, and makes inapplicable the legal proposition suggested.

We find no merit in any of the assignments of error, and all must be overruled.

The judgment is affirmed.