## Gibbons, Admin'x, v. Prudential Ins. Co. of America.

*Insurance—Life insurance—Insurable interest—Uncle and nephew—Possession of policy.*

1. A nephew has no insurable interest in the life of his uncle.

2. A nephew cannot recover the amount of a policy of insurance on the life of his uncle, payable to the latter's estate, merely by showing that he was in possession of the policy at the time of the death of the deceased and that he had paid part of the premiums, without showing what part he had paid, and without any proof of the assignment of the policy to him or by what right he held it.

Demurrer to plaintiff's statement. C. P. Lackawanna Co., Jan. T., 1926, No. 170.

*Paul G. Collins*, for demurrer; *F. E. Boyle*, contra.

POTTER, P. J., 17th judicial district, specially presiding, Oct. 6, 1926.—From the files of this case we learn that, in his lifetime, James Conlon had taken out insurance on his life in the Prudential Insurance Company of America, payable to his estate, which, at the time of his death, which occurred on June 24, 1925, was of the value of $463.98. Ellen Gibbons took out letters of administration in his estate, and, we presume, demanded this sum from the defendant. Payment apparently was refused for the reason that one Frank Kerrigan, a nephew of the decedent, also claimed the proceeds of the decedent's said life insurance. The plaintiff, on Nov. 14, 1925, brought suit against the defendant for the recovery of this sum. On Dec. 18, 1925, the defendant presented its petition to the court of Lackawanna County, stating the facts as herein stated, disclaiming any interest in the suit brought, and asked for an order permitting the payment of this money into court, which order was made on the same day, and at the same time an issue was framed on which to decide whether this money should go to Kerrigan or to the administratrix, in which issue he was made the plaintiff and she the defendant. A statement of claim was filed under this feigned issue on Dec. 29, 1925, which was replied to by an affidavit of defence on Jan. 5, 1926, raising questions of law, which was on April 13, 1926, withdrawn, and on April 14, 1926, a demurrer to the statement was filed, which we have before us for disposal.

Kerrigan is a nephew of James Conlon, the decedent. In his statement he sets out the amount of the insurance money; the date of the death of James Conlon on June 22, 1925; that Ellen Gibbons is the administratrix; that the insurance money has been paid into court; that he had possession of the insurance policies in the lifetime of the decedent, and still has them; that he furnished the money to pay part of the premiums on them and thus prevented them from lapsing (but he does not state how much he paid), and that he claims the proceeds of them.

By the demurrer filed, the defendant in the feigned issue admits all the allegations contained in the statement, but claims they are not sufficient to support a judgment for Kerrigan, the plaintiff in the feigned issue, in which we think she is correct.

The statement in the feigned issue does not show how, or by what right, the plaintiff therein holds these policies, or how he came into possession of them. They were not assigned to him, nor did he buy them, nor were they given to him. We think he should set up in his statement a legal right to them. He simply states that he had them in his possession during the lifetime of the decedent and that he has them yet. This, we think, is not sufficient.

And, he being the nephew of the decedent, he has no insurable interest in the life of his deceased uncle: Corson's Appeal, 113 Pa. 438; U. S. Life Ins., etc., Co. *v.* Brown, 270 Pa. 264.

We have nothing in this case to show us but that Kerrigan simply got possession of these policies and kept them. He surely cannot do this and thus expect to profit thereby upon the death of his uncle. If this is the case, and we have nothing to show the contrary, he did not come into possession of them legally, and no man is permitted to profit by his own wrong.

We think the statement is not sufficient and that the proceeds of these policies should go to the administratrix of James Conlon, the decedent.

And now, to wit, Oct. 6, 1926, the demurrer is sustained and judgment is rendered in favor of the defendant, Ellen Gibbons, administratrix of James Conlon, deceased, and against Frank Kerrigan, the plaintiff, in the sum of $463.98.

From William A. Wilcox, Scranton, Pa.