Peoples First National Bank and Trust Company,
Administrator, Aplnt., *v.* Christ, Aplnt.

Argued March 24, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*Alex. A. Garroway*, with him *Norman R. Schade* and *Campbell, Houck & Thomas*, for plaintiff.

*Louis Vaira*, for defendant.

OPINION BY MR. JUSTICE HORACE STERN, April 11, 1949:

This is a controversy between the beneficiary named in an insurance policy and the administrator of the

estate of the insured as to which is entitled to the proceeds of the policy.

The insured was Francis J. Christ, a young man just under the age of 21 years. His parents had died when he was ten years old and he was then taken into the home of his grandmother, Margaret Ehrlich; he stayed there for seven years until September, 1942, at which time he went to live with John and Anna Christ; John Christ was his uncle and Anna Christ was John's second wife. He remained with them until October, 1943 when he enlisted in the Navy; he returned to them again after his release from the service and then stayed at their home from March 15, 1946 to January 4, 1947. On the latter date, being about to be married, he went back to live with his grandmother who offered a home to him and his prospective wife, but only four days later, on January 8, 1947, he was killed in a mine accident. On December 13, 1943 he had obtained a National Service Life Insurance Certificate of $10,000 in which he had named his grandmother as beneficiary, stating that she stood to him "in loco parentis", but on April 12, 1946, while living with his uncle and aunt, he obtained from the Prudential Insurance Company of America, to replace the government certificate, the policy involved in the present litgation. This policy was in the amount of $5,000 but with double indemnity in the case of accidental death, and he named therein as beneficiary Anna Christ, if living, otherwise John Christ; he designated Anna Christ as "mother" and John Christ as "father". Anna Christ brought suit on the policy but, as the proceeds were also claimed by the Peoples First National Bank & Trust Company, administrator of the estate of Francis J. Christ, the insurance company caused interpleader proceedings to be instituted and paid into court the $10,000 due on the policy.

The case having proceeded to trial, the jury rendered a verdict in favor of the administrator, whereupon Mrs.

Christ, the named beneficiary, filed a motion for a new trial and also a motion for judgment n. o. v. The court granted a new trial and the administrator, which was the plaintiff in the proceedings, now appeals from that order, while Mrs. Christ, the defendant, appeals from the court's refusal to grant her motion for judgment n. o. v.

Plaintiff contended that Mrs. Christ had no insurable interest in the life of the insured. If that were so, and if, as plaintiff also claimed, it was she and not he who had paid the premiums on the policy, it would follow that, the insurance company not having taken advantage of what would have been a resultant invalidity of the policy and having paid the proceeds into court, the plaintiff, as administrator of the insured's estate, would be entitled to the fund: *Gilbert v. Moose's Administrators*, 104 Pa. 74; *Ruth v. Katterman, Administrators*, 112 Pa. 251, 3 A. 833; *Riner, Administrator, v. Riner, Administrator*, 166 Pa. 617, 31 A. 347; *Taussig, Administratrix, v. United Security Life Insurance & Trust Co.*, 231 Pa. 16, 79 A. 810; *Haberfeld v. Mayer*, 256 Pa. 151, 153, 154, 100 A. 587, 588.

Plaintiff made an abortive effort to prove that John and Anna Christ had themselves procured the writing of the policy and had induced the insured falsely to state therein that they were his mother and father. But the real controversy raged around two questions: (1) Did Mrs. Christ stand, as she claimed, "in loco parentis" to the insured? and (2) Who paid the premiums on the policy? These, of course, were factual issues. The applicable law is clear. A person may take out a policy of insurance on his own life and name as beneficiary whomsoever he pleases, regardless of whether or not such beneficiary has an insurable interest, but a beneficiary cannot take out a valid and enforceable policy for his own benefit, and pay the premiums thereon, on a life in which he has no insurable interest: *Werenzinski v. Pru-*

*dential Insurance Co. of America*, 339 Pa. 83, 14 A. 2d 279. An uncle or aunt has no insurable interest in the life of a nephew, nor a nephew in the life of an uncle or an aunt, merely by reason of such relationships: *Appeal of Corson, Executor*, 113 Pa. 438, 446, 6 A. 213, 215; *Riner, Administrator, v. Riner, Administrator*, 166 Pa. 617, 31 A. 347; *United Security Life Insurance & Trust Co. v. Brown (No. 1)*, 270 Pa. 264, 113 A. 443; *Clayton v. Industrial Life Insurance Co.*, 162 Pa. Superior Ct. 77, 80, 56 A. 2d 292, 293. But where a person stands toward another in loco parentis they each have an insurable interest in the other's life: *Weber v. Metropolitan Life Insurance Co.*, 172 Pa. 111, 33 A. 712; *Young v. Hipple*, 273 Pa. 439, 117 A. 185. The burden of proving that Mrs. Christ, the named beneficiary, was not entitled to the proceeds of the policy was upon the administrator who denied that prima facie right: *Young v. Hipple*, 273 Pa. 439, 443, 117 A. 185, 186; *First National Bank of Glen Campbell v. Burnside National Bank*, 314 Pa. 536, 540, 172 A. 641, 642; *Pashuck, Administrator, v. Metropolitan Life Insurance Co.*, 124 Pa. Superior Ct. 406, 413, 188 A. 614, 617.

Plaintiff sought to show that it was Mrs. Ehrlich, the insured's grandmother, who stood to him in loco parentis and that Mrs. Christ never bore any such relationship to him; Mrs. Ehrlich testified that during the time he was in the Navy he wrote very frequently to her, addressing her, sometimes as "Grandmother", but usually as "Mom". On the other hand, Mrs. Christ produced evidence to the effect that the insured had been in the habit of visiting their home ever since he was a young lad; that while in the service he wrote to her hundreds of endearing letters, in nearly all of them addressing her as "Mom" or "Mother"; that he stayed with them whenever he was off on furloughs; that he was always regarded as one of the family and treated the same as their own son who was a lad of about the same

age and an intimate companion of the insured. The agent of the insurance company testified that at the time the insured applied for the policy he said that Mrs. Christ was "one of the best mothers I ever had and I want her down as beneficiary". In regard to the issue concerning the payment of the premiums the agent testified that the first one was paid by the insured; Mrs. Christ testified that it was paid by Mrs. Ehrlich. The remaining premiums, two in number, were paid to the company by Mrs. Christ, but she testified that she received the money for that purpose from the insured and turned it over to the agent in the same envelopes in which she received it. One of plaintiff's witnesses testified that Mrs. Christ admitted to her at the time of the insured's funeral that she, Mrs. Christ, "paid the insurance premium", but whether this was intended to mean that she made the payments out of her own money is not clear. Mrs. Christ denied making any such statement. All these questions, on which the rights of the parties turned, were obviously for the jury and were properly left to it by the trial judge.

The jury having returned a verdict for the plaintiff, the court granted defendant's motion for a new trial because, as it stated, "we firmly believe this motion is filed with merit for the verdict is against the weight of the evidence", and "we believe in the instant case that a new trial should be granted in the interests of justice." Such action on the part of the trial court will not ordinarily be disturbed on appeal. It is true that when the granting of a new trial is based upon an error of law it is properly subject to review (*Vilsack v. Wilson*, 269 Pa. 77, 82, 112 A. 17, 19; *Fornelli v. Pennsylvania R. R. Co.*, 309 Pa. 365, 369, 164 A. 54, 55; *Kuhler v. Harrison Construction Co.*, 361 Pa. 100, 104, 62 A. 2d 853, 855), but unless the case turns on a question of law, or unless a party is entitled to the entry of a judgment on the record, the appellate court will not, in the absence of a

palpable abuse of discretion, reverse the granting of a new trial which was ordered on the ground that the verdict was contrary to the weight of the evidence or that the justice of the particular case so required: *Wilson v. Kallenbach*, 332 Pa. 253, 256, 2 A. 2d 727, 728; *Huntzinger v. Wileman*, 353 Pa. 274, 277, 45 A. 2d 7, 8; *Fisher, Executor, v. Brick*, 358 Pa. 260, 262, 56 A. 2d 213, 214; *Tupponce v. Pennsylvania R. R. Co.*, 358 Pa. 589, 57 A. 2d 898; *Knies v. Kraftsow*, 156 Pa. Superior Ct. 296, 301, 40 A. 2d 122, 124; *Kozemchak v. Garner*, 163 Pa. Superior Ct. 328, 332, 61 A. 2d 375, 377.

As far as defendant's appeal from the refusal of the court to grant her motion for judgment n. o. v. is concerned, it is sufficient to say that not only did the questions which were involved require submission to the jury,—the question whether Mrs. Christ had an insurable interest in the life of the insured and whether it was she who paid the premiums on the policy,—but, as was said in *Tupponce v. Pennsylvania R. R. Co.*, 358 Pa. 589, 591, 57 A. 2d 898, 900: "In the instant case defendant asked for and received a new trial. . . . Defendant is in the anomalous position of objecting to the granting of its own motion for a new trial because it would prefer to have its motion for judgment n. o. v. granted."

The order granting a new trial and refusing the motion for judgment n. o. v. is affirmed.