**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4144
_____

LIANE MCDONALD, IN HER CAPACITY AS THE ADMINISTRATRIX OF THE
ESTATE OF PATRICIA A. MCDONALD, DECEASED, AND AS THE
REPRESENTATIVE OF A CLASS OF SIMILARLY SITUATED PERSONS (THE
"MCDONALD ESTATE"),
Appellant

v.

WELLS FARGO BANK, N.A.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-16-cv-00264)
District Judge: Hon. Mark A. Kearney
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 13, 2017

Before: CHAGARES, JORDAN, FUENTES, *Circuit Judges*

(Filed May 24, 2018)

_____

OPINION[**]
_____

_____

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

FUENTES, *Circuit Judge*.

Liane McDonald, in her capacity as the administratrix of the estate of Patricia McDonald, appeals the District Court's dismissal of her claims regarding the repossession and sale of Patricia McDonald's vehicle by Wells Fargo Bank N.A. ("Wells Fargo"). For the following reasons, we will affirm in part and vacate in part and remand the case for further proceedings.

## I.

Because we write primarily for the parties, we discuss only those facts necessary to our decision.

In April 2007, Patricia McDonald purchased a 2002 GMC Sierra pickup truck from Performance GMC by entering into a Retail Installment Sales Contract ("Sales Contract"). The Sales Contract, which provided for 66 payments of $465.86, was then assigned to Wells Fargo.

Patricia McDonald met her payment obligations under the Sales Contract until her death in 2009. After her death, an unidentified party continued making her payments to Wells Fargo until sometime in 2012. After the payments stopped, the loan went into default, and Wells Fargo repossessed the vehicle.

In November 2012, two days after repossessing the vehicle, Wells Fargo issued a "Notice of Our Plan to Sell Property" addressed to Patricia McDonald in which it explained that it was going to sell the vehicle at a public sale. Two months later, and before the appointment of an administrator, Wells Fargo sold the vehicle and sent a "Notice of Sale" to Patricia McDonald's address.

2

Finally, on December 13, 2015, Liane McDonald ("McDonald") was appointed as the administratrix of Patricia McDonald's estate. Shortly thereafter, she commenced this lawsuit, asserting three claims for damages arising from deficiencies in the notices Wells Fargo sent to Patricia McDonald, one claim for breach of contract, one claim for conversion, and one claim for loss of surplus. The District Court dismissed all of Liane McDonald's claims, and this appeal followed.[1]

## II.

In dismissing all of McDonald's claims, the District Court concluded that McDonald, as the administratrix of Patricia McDonald's Estate, did not have the power to bring them. Because McDonald's claims do not arise under federal law, we must look to state law to determine whether the claims may be brought. McDonald has conceded that based on a choice of law provision in the Sales Contract, Ohio law applies to her breach of contract claim.[2] However, in their filings in the District Court regarding Wells Fargo's Motion to Dismiss, the parties disputed whether Pennsylvania or Ohio law should apply to the rest of McDonald's claims. Rather than conduct a choice of law analysis and determine which state's law applies to each of McDonald's claims, the District Court side-stepped

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1332 and 1367. We have jurisdiction under 28 U.S.C. § 1291. Our review of a grant of a motion to dismiss is plenary, and for the purpose of such review, we accept the factual allegations in the operative complaint as true. *Allen v. DeBello*, 861 F.3d 433, 437–38 (3d Cir. 2017).

[2] App. at 96 n. 3. Specifically, the choice of law provision provides that "[f]ederal law and the law of the state of our address shown on the front of this contract apply to this contract." App. at 37. The address on the front of Patricia McDonald's contract is located in Ohio.

3

the issue by concluding that McDonald could not bring her claims under either Pennsylvania or Ohio law.

To determine whether McDonald could bring her claims under Pennsylvania law, the District Court examined the Pennsylvania "Survival action," which states that "[a]ll causes of action or proceedings, real or personal, shall survive the death of the plaintiff or of the defendant, or the death of one or more joint plaintiffs or defendants."[3] The District Court explained that a survival action is "not a new cause of action, but merely continues in the personal representative the right of action which accrued to the deceased at common law."[4] Accordingly, the District Court concluded that McDonald could not bring her claims because they had not accrued before Patricia McDonald's death.

Although the District Court correctly understood that McDonald could not bring her claims as survival actions under 42 Pa.C.S. § 8302, it failed to consider whether she had the power to bring them under any other provisions of Pennsylvania law. In fact, McDonald has the capacity to bring her claims regarding the vehicle (which is personal property of the decedent) under 20 Pa.C.S. § 3311(a), which explicitly states that "[a] personal representative shall have the right to and shall take possession of, maintain and administer all the real and personal estate of the decedent . . . [Such power includes] *the right to maintain any action* with respect to [the estate]."[5]

---

[3] 42 Pa.C.S. § 8302.
[4] App. at 7 (quoting *Donlan v. Ridge*, 58 F. Supp. 2d 604, 607-08 (E.D. Pa. 1999)).
[5] 20 Pa.C.S. § 3311(a) (emphasis added).

4

McDonald's authority to file her claims in this case is also supported by the Pennsylvania Supreme Court case, *In re Estate of Sauers*.[6] In *Estate of Sauers*, the decedent obtained a life insurance policy while he was alive. After his death, questions arose as to who should be the beneficiary of the decedent's life insurance policy. The administrator of his estate brought an action to clarify the issue. The Pennsylvania Supreme Court specifically addressed whether the administrator had the authority to bring such suit and, referencing § 3311(a), concluded that he "certainly" did.[7]

Like in *Estate of Sauers*, in this case, Patricia McDonald entered into a contract before her death, and the causes of action asserted by the administratrix of her estate did not accrue until after her death. Thus, as in *Estate of* Sauers, we conclude that McDonald has the power to maintain her causes of action against Wells Fargo should Pennsylvania law be found to apply to them. The fact that McDonald was not appointed as administratrix of Patricia McDonald's estate until years after the sale of the vehicle does not change our conclusion. As the Pennsylvania Supreme Court has explained, "[a] cause of action does not exist unless there be a person in existence capable of suing or of being sued."[8] The Pennsylvania Supreme Court has further clarified that statutes of limitations run "from the grant of administration."[9]

Although we conclude that McDonald can maintain her claims under Pennsylvania law, we do not reach the same conclusion under Ohio law. As it did when analyzing

---

[6] 32 A.3d 1241 (Pa. 2011).
[7] *Id.* at 1249.
[8] *Riner v. Riner,* 31 A. 347, 348 (Pa. 1895) (citation omitted).
[9] *Id.*

5

Pennsylvania law, the District Court considered Ohio's "Survival of actions" statute, Ohio Rev. Code Ann. § 2305.21, and concluded that McDonald was not empowered to bring her claims under Ohio law. The District Court was correct that McDonald cannot bring her claims as survival actions under Ohio law, and unlike Pennsylvania law, Ohio law does not have any other statutes under which McDonald can maintain her claims.

The provision of Ohio law that is most relevant to this case is Ohio Rev. Code Ann. § 2113.31, which is entitled "Responsibility of executor or administrator." Such statute provides that an administratrix is "chargeable" with the assets of the decedent.[10] Although § 2113.31 applies to McDonald, because it does not explicitly state that an administratrix has the power to maintain actions on behalf of an estate, and because we cannot find any authority that defines "chargeable" to encompass such power, we cannot conclude that § 2113.31 empowers McDonald to bring her claims.[11] Our conclusion is strengthened by the fact that the parties have not presented us with, and we have not found, any Ohio cases that at all indicate that someone in McDonald's circumstances has the power to maintain claims on behalf of an estate.

Therefore, because McDonald concedes that her breach of contract claim must be evaluated under Ohio law, we will affirm the District Court's dismissal of it. We will vacate the District Court's dismissal of the rest of her claims and remand the case for the

---

[10] Ohio Rev. Code Ann. § 2113.31.

[11] *Cf. Id.* § 2113.311(E)(5) (explicitly stating that an administratrix has the power to "[p]rosecute actions for forcible entry and detainer of the [decedent's] real property.").

District Court to determine in the first instance which state's law applies to the remaining claims.

## III.

For the foregoing reasons, we will affirm the District Court's dismissal of McDonald's breach of contract claim. We will vacate the District Court's dismissal of the rest of her claims and remand the case for further proceedings.